### J. F. TAPLEY CO. v. KELLER et al.

(Supreme Court, Appellate Division, First Department. June 18, 1909.)

1. CORPORATIONS (§ 628*)—DISSOLUTION—DISTRIBUTION OF ASSETS—LIABILITY ON CLAIMS.

A short time before the voluntary dissolution of defendant corporation it received a note, and on distributing the assets of the company among the stockholders the note was indorsed and given to one of the stockholders, who indorsed it and transferred it to plaintiff. *Held*, that at the time of the dissolution of the corporation it was only contingently liable on the note, but that such liability should have been provided for before its assets were distributed, and that the contingent liability became absolute when the maker of the note failed to pay at maturity and the same was protested, and the judgment recovered conclusively established plaintiff's right to recover against the defendant corporation, and the distribution of the assets without making provision for the debt was illegal, and, to the extent of the damage sustained by plaintiff by reason thereof, made

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the directors jointly and severally liable under Laws 1909, c. 61, § 28, making directors liable to creditors on payment of the capital of the corporation to the stockholders.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2481; Dec. Dig. § 628.*]

2. CORPORATIONS (§ 619*)—DISSOLUTION—DIRECTORS AS TRUSTEES.

After the dissolution of a corporation the directors become the trustees of the corporation creditors, and it is their duty to settle its affairs, collect the assets, pay the debts, and divide among the persons entitled thereto the money and other property remaining, and they may become jointly and severally personally liable to the creditors to the extent of the property which comes into their hands under Laws 1909, c. 28, § 35, providing that on the dissolution of a corporation its directors shall be the trustees of its creditors, stockholders, or members, with full power to settle its affairs, and shall be liable to the extent of the property and effects coming into their hands.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2459, 2460; Dec. Dig. § 619.*]

3. CORPORATIONS (§ 621*)—DISSOLUTION—APPOINTMENT OF RECEIVER.

The directors of defendant corporation constituted its only stockholders, and after its dissolution received the assets of the corporation. Plaintiff subsequently recovered a judgment against the defendant corporation, and, after execution was issued and returned unsatisfied, brought an action to compel the directors to account for the management and disposition of the assets and for the appointment of a receiver of the corporation. *Held*, that as the directors were jointly and severally liable to plaintiff to the extent of the damage sustained by it by the dissolution of the corporation and the distribution of its assets, and plaintiff can issue an execution and levy on whatever property the directors have, including that distributed, if it is in their possession, a receiver for the corporation should not be appointed.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2461; Dec. Dig. § 621.*]

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by the J. F. Tapley Company against Augustus R. Keller and others. From an order appointing a receiver for defendant, A. R. Keller & Co., defendants, appeal. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Henry F. Wolff, for appellants.

Thomas Sproull, for respondent.

McLAUGHLIN, J. The plaintiff, a domestic corporation, recovered a judgment of $3,000 against A. R. Keller & Co., Incorporated—one of the defendants—also a domestic corporation, in an action against it as indorser upon a promissory note. Execution was issued upon the judgment and returned wholly unsatisfied, and then this action was brought to compel the directors to account for the management and disposition of the assets of the corporation, for the appointment of a receiver, and for other relief. After issue had been joined, upon motion of the plaintiff, a receiver was appointed pendente lite, to whom the directors were ordered to turn over all of the property of the corporation, and the defendants appeal from this order.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It appears from the papers used upon the motion that on the 30th of December, 1907, the directors of the defendant corporation filed in the office of the Secretary of State a consent and statement, signed by all of the stockholders, of its voluntary dissolution, and on the following day there was filed in the office of the clerk of the county of New York a certificate of the Secretary of State to the effect that the statement referred to had been filed in his office and it appeared therefrom that the corporation had complied with section 57 of the stock corporation law (Laws 1892, p. 1824, c. 688), as added by Laws 1896, p. 994, c. 932, § 1, as amended by Laws 1900, p. 1621, c. 760, in order to be dissolved. On the 30th of November, 1907, the directors of the defendant corporation, who were all of the stockholders, distributed among themselves all of its assets. On the 10th of October immediately preceding the time the distribution took place, one Sellers delivered to the corporation his note for $3,000 payable to its order 90 days after date. This was indorsed by the corporation, and, at the time its assets were distributed among the stockholders, delivered to A. R. Keller, one of the defendants, who, in turn, delivered it to the plaintiff for value. The note was not paid at maturity, was duly protested, and an action subsequently brought against the corporation as indorser, which resulted in the judgment above referred to.

At the time the certificate of dissolution was filed the corporation was only contingently liable, but such liability had to be provided for before all of its assets could be distributed. This contingent liability became absolute when the maker of the note failed to pay it at maturity and the same was duly protested. The judgment which was thereafter recovered by the plaintiff conclusively established its right to recover against the defendant corporation. The distribution of all of its assets, without making provision for this debt, was illegal (Saranac & L. P. R. R. Co. v. Arnold, 167 N. Y. 368, 60 N. E. 647), and to the extent of the damage sustained by the plaintiff, by reason thereof, made the directors jointly and severally liable to it (section 28, c. 61, Laws 1909). When the dissolution took place the directors became the trustees of the creditors of the corporation, and as such, it was their duty to settle its affairs, collect the assets, pay the debts, and divide among the persons entitled thereto the money and other property remaining. They had authority to sue and recover the debts and property of the corporation as such trustees, and they became, jointly and severally, personally liable to its creditors to the extent of the property which came into their hands. Section 35, c. 28, Laws 1909.

But notwithstanding that the distribution of the assets was illegal, it does not follow that in this action a receiver pendente lite should be appointed. The defendant corporation has no property. It has all been distributed, and to compel the other defendants to turn over to the receiver property which they now hold would be granting by an order precisely the same relief that the plaintiff will get if it obtains a judgment. Not only this, but the defendants, other than the corporation, are all of the directors who participated in the distribution, and under the statute, as we have seen, they are, jointly and severally, personally liable to the plaintiff to the extent of the damage sustained by it. The plaintiff, therefore, if it obtains a judgment, can issue an execution

thereon and levy upon whatever property the directors have, including that distributed if they now have it. The appointment of a receiver would accomplish no useful purpose, and I think, upon the facts set out in the record, one ought not to be appointed.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

INGRAHAM, CLARKE, and SCOTT, JJ., concur.

LAUGHLIN, J. I dissent upon the ground that, in my opinion, a receiver should be appointed, unless the individual defendants give an undertaking as security for any judgment recovered by the plaintiff.