SECURITY TRUST COMPANY OF ROCHESTER, Individually and on Behalf of All Stockholders and Creditors of the PRITCHARD STAMPING COMPANY, a Domestic Corporation, in Dissolution, Similarly Situated and Who May Come in and Contribute to the Expense of this Action, Appellant, *v.* ALBERT R. PRITCHARD and Others, as Liquidating Trustees of the Creditors and Stockholders of the PRITCHARD STAMPING COMPANY, a Domestic Corporation, in Dissolution, and ALBERT R. PRITCHARD, Individually, and Others, Respondents, Impleaded with HENRY BARNARD and Others, Defendants.

Fourth Department, May 10, 1922.

Corporations — voluntary dissolution — representative action by stockholder against liquidating trustees and transferees of corporate property — no misjoinder of parties plaintiff by use of word "individually" after plaintiff's name — said word may be disregarded — no misjoinder of parties plaintiff because action brought on behalf of creditors as well as stockholders where no creditors have appeared — corporation should have been named as defendant — General Corporation Law, § 35, does not apply — allegation of demand on part of defendants as liquidating trustees to bring action and refusal and allegation that other defendants were parties to fraud shows plaintiff's right to maintain action.

A complaint in an action by a stockholder, which is clearly representative in character, for the benefit of the plaintiff and all other stockholders similarly situated, brought against the liquidating trustees of a corporation in dissolution, is not demurrable on the ground of misjoinder of parties plaintiff because of the fact that the title to the action states that the action is brought by the plaintiff "individually" and on behalf of all stockholders and creditors similarly situated, for the word "individually" may be disregarded as merely *descriptio personæ* where the plaintiff asks no relief individually.

There is no misjoinder of parties plaintiff in the action on the ground that the action is brought on behalf of all stockholders and "creditors," though general creditors could not be made parties to the action, where no creditors have appeared in the action. Until that time, the plaintiff alone has exclusive control of the action and the defendant cannot be harmed until one or more of such creditors attempt to intervene.

Section 35 of the General Corporation Law is not applicable to a representative action to have transfers of corporate property set aside, brought by stock-

holders against the directors of a corporation which has been dissolved under section 221 of the General Corporation Law, and, therefore, in such an action the corporation itself must be made a party.

*It seems,* that section 35 of the General Corporation Law is applicable only when a corporation is dissolved by the repeal of its charter, or its corporate existence comes to an end by the expiration of its charter or by the failure, for some reason, when it is dissolved, to appoint a receiver or to designate some person as liquidator.

The plaintiff showed its right to maintain the action where it alleged that prior to the commencement of the action it demanded of certain of the liquidating trustees who did not participate in the fraudulent transfers sought to be set aside, that they bring the action on behalf of the corporation, and that they refused to do so, and alleged further that it did not make demand on the other liquidating trustees for the reason that they were the ones who caused and actually participated in the illegal acts and that, therefore, demand on them to bring the action would be useless.

It was immaterial that the demand was made on the " liquidating trustees " instead of being made upon the directors of the corporation for it is unimportant what name was given to them in making the demand or in what capacity they were requested to bring the action so long as the facts were brought to their attention and a demand was made.

APPEAL by the plaintiff, Security Trust Company of Rochester, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 12th day of November, 1921, sustaining the demurrer of certain defendants to plaintiff's complaint, heard as a contested motion.

*Harris, Beach, Harris & Matson* [*Willis A. Matson* of counsel], for the appellant.

*James M. E. O'Grady,* for the respondents.

*Albert R. Pritchard,* individually and as liquidating trustee, etc., and others.

*Everett, Clarke & Benedict* [*A. Leo Everett* and *Herman S. Hertwig* of counsel], for the respondents J. Stanley Brown, as liquidating trustee, etc., and others.

DAVIS, J.:

On October 6, 1919, the Pritchard Stamping Company, a domestic corporation, was dissolved without judicial proceedings, pursuant to the provisions of section 221 of the General Corporation Law. The affairs of the company were not wound up, the stockholders have received nothing, and it appears that some creditors have not been paid.

This action was brought against the directors of the corporation, joining them as liquidating trustees with others. The complaint alleges that Pritchard and another director made illegal and

collusive sales and transfers of certain property belonging to the corporation, whereby it was diverted from payment of its debts and distribution to stockholders. Judgment was demanded that the attempted conveyance of the real and personal property of the corporation to certain defendants be adjudged void and the conveyances canceled, and the sale or transfer of the property be enjoined.

The defendants demurred to the complaint and the Special Term sustained the demurrer on the grounds that there is a misjoinder of parties plaintiff; that there is a defect of parties defendant; and that the complaint does not state facts sufficient to constitute a cause of action. The plaintiff has appealed.

The alleged misjoinder of parties plaintiff consists in part in the fact that the plaintiff has sued individually and that it has no individual cause of action.

The action is representative in character for the benefit of the plaintiff and all other stockholders similarly situated. (*Flynn* v. *Brooklyn City R. R. Co.,* 158 N. Y. 493.) We think the word "individually" in the title may be disregarded as merely *descriptio personæ.* It is in the body of the complaint that the nature of the action is determined. (*Litchfield* v. *Flint,* 104 N. Y. 543; *First National Bank* v. *Shuler,* 153 id. 163, 173; *United Press* v. *Abell Co.,* 73 App. Div. 240; 31 Cyc. 99.) Here the complaint states a cause of action as the representative of a class. The plaintiff asks no relief individually. If the word "individually" has any purpose or significance in the title, it may be regarded as equivalent to "suing in its own behalf" as well as on behalf of others in its class, as is more fully stated in the introductory statement and demand for judgment in the complaint.

The defendants also contend that the complaint discloses a misjoinder of parties plaintiff because the plaintiff sues in behalf of creditors as well as stockholders.

The action primarily is a stockholder's action and is brought by the plaintiff as such. Very likely judgment creditors having similar interests in setting aside the transfers might be permitted to join. General creditors probably would not. It is not necessary to decide that question now. There is now but one plaintiff who sues as the representative of a class similarly situated, having a general or common interest. These others are merely inchoate or possible parties and until they come into the record the plaintiff alone has exclusive control of the action, and may continue, compromise, abandon or discontinue it at pleasure. (*Hirshfeld* v. *Fitzgerald,* 157 N. Y. 166.) The plaintiff is one of a class entitled to bring the action. If it mistakenly names others as possible

parties having an interest, who may in fact have none, the defendants are not harmed until one or more of such parties attempt to intervene. It will then be time to object.

We think there is a defect of parties defendant in failing to join the corporation as a party. The plaintiff in bringing the action against the directors relied upon the provisions of section 35 of the General Corporation Law, which provides, in substance, that upon the dissolution of any corporation, its directors, unless other persons shall be appointed by the Legislature or by the court, shall be the trustees of its creditors and stockholders, with power to settle its affairs and divide its property among the persons entitled thereto, and with authority to bring suits to recover assets; and they are made personally liable to the extent of property coming into their hands.

The defendants claim that section 221 of the General Corporation Law controls. That section provides a simple method of dissolving certain stock corporations without judicial proceedings, and provides that the corporation by its board of directors must adjust and wind up its business. Ample power is given for such purposes and the corporation is continued in existence for the purpose of paying and discharging its existing debts or obligations and collecting and distributing its assets, and it may sue and be sued for the purpose of enforcing such obligations, until its affairs have been wound up.

It seems that at common law on the dissolution of a corporation its liabilities were extinguished and its assets vested in the sovereign. In 1811 a statute was first passed in this State in substantially the language of section 35,* to prevent such manifest injustice. (*Shayne* v. *Evening Post Pub. Co.*, 168 N. Y. 70, 77.) This made the directors liquidating trustees unless other persons were appointed by the Legislature or by some court of competent jurisdiction.

Subsequently from time to time a liquidator was provided for by the Legislature in certain proceedings for dissolution. Usually it is a receiver appointed by the court; and if this corporation had been dissolved by judicial proceedings instead of by the method adopted, its affairs would undoubtedly have been wound up by a receiver. (Gen. Corp. Law, § 182; Id. § 191, as amd. by Laws of 1916, chap. 53.) So in other methods to dissolve or annul

---

* See Laws of 1811, chap. 235; 1 R. L. 248, § 1; Id. 249, § 2; R. S. pt. 1, chap. 18, tit. 3, §§ 9, 10; 1 R. S. 600, § 9; Id. 601, § 10; Gen. Corp. Law (Gen. Laws, chap. 35; Laws of 1890, chap. 563), §§ 19, 20; Gen. Corp. Law (Gen. Laws, chap. 35; Laws of 1892, chap. 687), § 30; Gen. Corp. Law (Consol. Laws, chap. 23; Laws of 1909, chap. 28), § 35.— [REP.

a corporation. (Id. § 104; Id. § 106, as amd. by Laws of 1909, chap. 240; Id. § 134.)

Where a corporation is dissolved under section 221, it is claimed by the defendants' counsel with much reason that it was the intent of the Legislature to make the corporation itself through its directors the liquidator. That section was first added in 1896 to the former Stock Corporation Law. (Gen. Laws, chap. 36 [Laws of 1892, chap. 688], § 57, added by Laws of 1896, chap. 932, as amd. by Laws of 1900, chap. 760.) In 1909 it was re-enacted as section 221 of the present General Corporation Law.

It would seem that section 221 contains a complete method of dissolving the corporation and winding up its affairs, and that section having been added after the original enactment of section 35, no resort is necessary to the provisions of the latter section. The corporation continues in existence, not to exercise any corporate power or to transact any new business, but " for the purpose of paying, satisfying and discharging any existing debts or obligations, collecting and distributing its assets and doing all other acts required in order to adjust and wind up its business and affairs, and may sue and be sued " for such purpose. A corporation can only act through its directors or by some one appointed in their place, and they are likewise given power in said section and directed to proceed " to adjust and wind up its business and affairs with power to carry out its contracts and to sell its assets at public or private sale, and to apply the same in discharge of debts and * * * to distribute the balance of assets among the stockholders." They are, of course, in a sense *trustees* because they have no power to perform further corporate duties or to do new business, but must act only as liquidators, and their powers are derived from this section providing for the dissolution.

It is reasonably clear that section 35 in the present state of the law is applicable only when a corporation is dissolved by the repeal of its charter, or its corporate existence comes to an end by the expiration of its charter or by the failure, for some reason, when it is dissolved to appoint a receiver or to designate some person as liquidator.

Judicial dicta may be found that section 35 is applicable in just such a case as this. We may eliminate such cases as *People* v. *O'Brien* (111 N. Y. 1), where the corporation was dissolved by a repeal of its charter, and *Marstaller* v. *Mills* (143 id. 398) where the corporation was dissolved by proceedings for its voluntary dissolution, because they were decided before section 221 was enacted. In *Cunningham* v. *Glauber* (133 App. Div. 10) section 30 (now section 35) is mentioned as though it were applicable to

a corporation voluntarily dissolved, and the court says: " Upon the dissolution of a corporation, the directors become trustees for the benefit of all who may be entitled to share in its assets and, to this end, are entitled to take possession of the assets and distribute them *pro rata* among its creditors." We do not entirely disagree with that statement of the law because, as we have already said, the directors are in a sense *trustees*. Similar expressions are found in *Tapley Co.* v. *Keller* (133 App. Div. 54, 56); *Tanzer* v. *Bankers' Land & Mortgage Corp.* (159 id. 351, 355), and *Central Union Trust Co.* v. *American Railway Traffic Co.* (198 id. 303; affd., 233 N. Y. 531). In none of these cases was the question in controversy whether section 35 or section 221 was applicable, and it was not important in the determination of the questions before the court whether the directors were acting as liquidating trustees or as managers of the corporation.

The authorities relied on in those cases to the effect that section 35 was applicable were primarily *People* v. *O'Brien* (*supra*) and *Marstaller* v. *Mills* (*supra*), decided prior to the enactment of section 221.

*De Martini* v. *McCaldin* (184 App. Div. 222) and *Matter of Friedman* (177 id. 755), relied on by plaintiff as authority, were cases where the corporation was dissolved by the expiration of its charter.

We think, therefore, there is clearly a defect of parties defendant. The corporation is still in existence and will on plaintiff's theory be entitled to the property, and if the conveyances are declared void, the corporation is a necessary party. It is the liquidator, the cause of action belongs to it, and it was the one to assert the right to recover misappropriated corporate assets. (*Brock* v. *Poor*, 216 N. Y. 387.) It was the corporation's duty to bring the action and the plaintiff's cause of action arose only when it refused or failed to bring it; and in such case it should be joined as a party defendant. (*Kavanaugh* v. *Commonwealth Trust Co.*, 181 N. Y. 121; *Niles* v. *N. Y. C. & H. R. R. R. Co.*, 176 id. 119.)

The third ground upon which the demurrer was sustained is that the complaint does not state facts sufficient to constitute a cause of action. It was sustained because no demand upon the corporation or its directors that it commence an action to set aside the illegal transfer had been made by the plaintiff before it brought the action. The general rule is that where an action is brought by a stockholder against the corporation and other defendants to set aside illegal transfers made by it, he is required to allege in his complaint, *first*, a good cause of action in favor of the company of which he is a stockholder; and *second*, facts

which authorize his intervention and the institution of his suit in behalf of his corporation. But where facts are alleged showing that the demand would be unavailing, a demand is unnecessary. (*O'Connor* v. *Virginia P. & P. Co.*, 184 N. Y. 46.) And where the directors in control of a corporation are sought to be charged with malfeasance and misfeasance, a demand upon or a refusal of the corporation to bring the action is not necessary. (*Seagrist* v. *Reid*, 171 App. Div. 755.)

The complaint contains an allegation that " prior to the commencement of this action the plaintiff demanded of said John J. L. Friederich and said Julius M. Wile, as liquidating trustees, that they bring appropriate action against the necessary parties to recover the property * * * but that said defendants have refused and · failed to bring said action. That no demand has been made on the defendants Albert R. Pritchard and J. Stanley Brown as liquidating trustees * * * for the reason that said defendants * * * have caused and actively participated in said illegal acts and such demand would be futile."

Of course, the demand was made on them as " liquidating trustees," but they were the directors and were acting as managers of the corporation. We do not deem it important what name was given them in making the demand, or in what capacity they were requested to bring the action so long as the facts were brought to their attention and a demand made. The plaintiff's error of judgment on the question of law as to whether they were liquidating trustees under section 35, or acting as directors in the liquidation under section 221 (their duties being identical), would not be a legal reason for holding that no demand was made.

The order should be modified by striking out the first and third grounds sustaining the demurrer, and as modified affirmed, with costs.

All concur.

Order modified by striking out the first and third grounds sustaining the demurrer, and as so modified affirmed, with ten dollars costs and disbursements, with leave to the plaintiff to plead over within twenty days upon payment of the costs of the demurrer and of this appeal.