HENRY A. BAKER, Individually, etc., Plaintiff, *v.* CHARLES J. BAKER and Others, Defendants.

Supreme Court, Monroe Special Term, March, 1924.

Corporations — stockholder's action under General Corporation Law, § 91-a — parties — plaintiff need not join all officers and directors as defendants — persons claimed to have illegally acquired property of corporation may be joined as defendants — complaint states only one cause of action — no misjoinder of causes of action — allegations definite and certain — power to strike out irrelevant, etc., matter not technically exercised.

In a stockholder's action brought under section 91-a of the General Corporation Law to restore to the defendant corporation property claimed to have been diverted by the negligent or other wrongful acts of the defendants the liability of the delinquent officers and directors is joint and several and there is no defect of parties defendant where the plaintiff proceeds against only a part of the responsible parties.

Plaintiff properly joined as defendants persons claimed to have illegally acquired property of the corporation, for no complete determination can be made of certain phases of the issues without making such persons parties.

Although there is a general allegation that the defendants have all conspired to do the illegal and wrongful acts charged in the complaint the action need not affect all of the defendants alike.

The complaint states only one cause of action and is not objectionable upon the ground that there is a misjoinder of causes of action or that causes of action are mingled or that they are not definite and certain or that irrelevant, immaterial and unnecessary matters are pleaded.

The power to strike out irrelevant, immaterial and unnecessary allegations will not be technically exercised.

MOTIONS to correct pleading, to separately state and number causes of action, to make complaint more definite and certain and to strike out unnecessary allegations in complaint.

*William G. Staudenmaier* (*Percival D. Oviatt*, of counsel), for plaintiff.

*MacFarlane & Harris*, for defendants Orrin M. Baker, Everett L. Baker and Edwin R. Baker.

*Burns & Burns*, for defendants Charles J. Baker and C. J. Baker Company, Inc.

*Barton Baker*, for defendants Barton Baker and Sihon Baker.

Rodenbeck, J.   This is a stockholder's action brought to restore to the defendant corporation, the C. J. Baker Company, Inc., property which it is claimed has been diverted from the corporation by the negligent or other wrongful acts of the defendants.   Gen. Corp. Law, § 91a.   The plaintiff, Henry A. Baker, and the defendant Charles J. Baker are brothers and another brother, George P. Baker, who does not appear as a party, was also concerned in the corporation.   The other defendants except the C. J. Baker Company, Inc., are sons of the defendant Charles J. Baker.   The plaintiff, Henry A. Baker, and his brother, George P. Baker, are lawyers.   The defendant Charles J. Baker is a layman, pursuing the occupation of dealing in real estate.   The directors of the corporation since its organization have been George P. Baker, Charles J. Baker and Orrin M. Baker.   The officers have been Charles J. Baker, president; Orrin M. Baker, treasurer, and Everett S. Baker, secretary.

The defendants attack the complaint on various grounds.   One claim made by them is that George P. Baker should have been made a party defendant and that there is a non-joinder of parties defendant.   This position is not tenable.   George P. Baker it is true has been a director of the company since its organization, but there is no claim of misconduct made against him in the complaint.   Even if there were, the plaintiff had the option of selecting those directors and officers against whom he desired to proceed.   The liability of delinquent officers and directors is a joint and several liability and there is no defect of parties defendant where the plaintiff proceeds against only a part of the responsible parties.   *German Am. Coffee Co.* v. *Diehl,* 86 Misc. Rep. 547; *Buckley* v. *Stansfield,* 155 App. Div. 735.

Another defect claimed to exist in the complaint is that parties have been joined as defendants who should not have been so joined.   The only persons joined as defendants other than the corporation and the directors or officers against whom delinquency is charged, are defendants who it is claimed have illegally acquired property of the corporation and whose appearance in the action is necessary

to try out their title to the property and bind them by any judgment rendered. This procedure is abundantly sustained by the authorities and is in the interest of a speedy determination of the controversies relating to the affairs of the defendant corporation. No complete determination could be made of certain phases of the issues without making the defendants who are objected to parties to the action. There is also a general allegation that the defendants have all conspired to do the illegal and wrongful acts charged in the complaint. The action need not affect all of the defendants alike. *Moran* v. *Vreeland*, 81 Misc. Rep. 664; *Sherwood* v. *Holbrook*, 98 id. 668; Civ. Prac. Act, §§ 193, 211, 212.

It is also claimed by the defendants that there is a misjoinder of causes of action in that alleged personal claims in favor of the plaintiff are joined with claims in favor of the defendant corporation. There is, however, only one cause of action set up in the complaint. It is a characteristic stockholder's action to recover judgment, not for the plaintiff personally, but for the defendant corporation. He describes himself as suing on behalf of the stockholders and the relief asked for is appropriate to a stockholder's action. The paragraphs in the complaint which the defendants point out as involving personal claims are merely part of the facts upon which the plaintiff expects to show misconduct of one or more of the defendants affecting the corporation.

Another ground of objection to the complaint is that causes of action are mingled and that they should be separately stated and numbered. This objection is answered by what has already been said in relation to the misjoinder of causes of action. There is but one cause of action set up in the complaint and the allegations relied upon under this objection are part of the alleged record of misconduct for which the plaintiff hopes to recover for the corporation.

The objection that alleged causes of action are not definite and certain has already been met. The complaint is unusually specific in allegation of facts upon which a recovery is sought. There is but one cause of action stated and there is no indefiniteness or uncertainty in the allegations that the defendants have conspired to defraud the corporation and have been guilty of conduct which renders them liable to make good to the corporation the loss which it has sustained.

The last objection to the complaint is that irrelevant, immaterial and unnecessary matters are pleaded. This objection is urged against allegations contained in twenty-two of the thirty-nine paragraphs contained in the complaint. An examination of this alleged objectionable matter shows that it all relates to some phase of the alleged misconduct of the defendants. Each of the

paragraphs does not relate to all of the defendants but that is not necessary. It is sufficient if a paragraph connects any defendant with the alleged wrongful acts. Three of the paragraphs objected to contain allegations which are the basis for the application for a receiver and for an injunction. There are phrases in paragraph 6 that might be eliminated, such as " for the reason, among others," and " the plaintiff had implicit and complete confidence in him " and " for the same reasons " but they do no harm and might better be ignored. The power to strike out will not be technically exercised. If the allegations in the complaint are lengthy and involved, it is due to the informal and complicated conduct which has characterized the operations of the corporation.

The several motions made by the defendants are each of them denied, with ten dollars costs as of one motion to the plaintiff to abide the event.

Ordered accordingly.