## Appeal of CLARENCE LE BUS.                 Docket No. 884.

A liquidating dividend is income to the stockholder, irrespective of the fact that the corporation may have outstanding obligations.

Submitted February 24, 1925; decided March 9, 1925.

*E. C. O'Rear* and *Jesse I. Miller, Esqs.,* for the taxpayer.

*George K. Bowden* and *Robert A. Littleton, Esqs.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

This is an appeal from a deficiency asserted by the Commissioner on account of income tax for the year 1919 in the sum of $16,608.36. The taxpayer was present and testified at the hearing held January 28, 1925, and from that testimony and the documentary evidence in the appeal the Board makes the following

### FINDINGS OF FACTS.

The taxpayer, during the year 1908 and subsequently, participated in the organization of a cooperative association in the State of Kentucky, known as the Burley Tobacco Society. The society was later, and prior to March 1, 1913, incorporated as the Burley Tobacco Co. Prior to March 1, 1913, the taxpayer had acquired approximately 79,000 shares, of a par value of $1, of the capital stock of the corporation.

Between March 1, 1913, and the year 1919, the affairs of the Burley Tobacco Co. were administered under the direction of the taxpayer, its president. The stockholders of the corporation were numerous. Their holdings were small and there was at all times a large and dissatisfied minority interest which interfered with the proper conduct of the affairs of the corporation and resulted ultimately in the determination on the part of its stockholders, as a whole, to wind up its affairs and liquidate its assets by voluntary dissolution. This determination was carried out in the year 1919.

On the liquidation in the year 1919 the trustees in liquidation paid the outstanding liabilities of the corporation, disposed of its prop-

erty, reserved from the funds in their hands to meet contingent obligations, approximately $120,000, and declared and paid a distribution of the balance to all of the stockholders. The taxpayer participated in such distribution, receiving during the year 1919 on account of such distribution the sum of approximately $79,000. Thereafter, the Commissioner asserted that the taxpayer received taxable income in the year 1919 on account of such dissolution and distribution in the sum of $33,396.13. It is admitted by the taxpayer that this sum represents the difference between the March 1, 1913, value of the stock and the amount received on the dissolution, but he denies that he received it under circumstances giving rise to taxable income.

At the time of the dissolution of the corporation, its income-tax liability to the United States had not been determined. Subsequently, and during the year 1922, the Commissioner asserted that the corporation was liable for income and profits tax in the sum of $151,142.29, which was in excess of the sum of $120,000 retained by the trustees in dissolution as above set forth. In 1923 the liability of the corporation on account of income and profits taxes was finally determined by the Commisisoner at $47,630.11, and this sum was paid in 1923.

Section 561 of the Kentucky statutes relating to corporations is as follows:

Section 561. Any corporation organized under this chapter may, by the consent in writing of the owners of the majority of its shares of stock, unless otherwise provided in the articles of incorporation, or amendments thereto, close its business and wind up its affairs; and any corporation expiring by the terms of the articles of incorporation, or by the voluntary act of its stockholders, may thereafter continue to act for the purpose of closing up its business, and for no other purpose; and it shall be the duty of the officers to settle up its affairs and business as speedily as possible; and they shall cause notice to be published for at least once a week for four consecutive weeks, in some newspaper printed and published in the county, if any, of the fact that it is closing up its business; and all debts and demands against the corporation shall be paid in full before the officers receive anything.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

JAMES: The sole question presented in this appeal is whether under section 561 of the statutes of Kentucky, the taxpayer was in receipt of income on account of the dissolution dividend received by him in 1919, or was in receipt of that income only when the affairs of the corporation were finally wound up in 1923 by final payment of the corporation's liability on account of income and profits taxes.

The material provision of section 561 reads as follows:

* * * all debts and demands against the corporation shall be paid in full before the officers receive anything.

It is contended on behalf of the taxpayer that the distribution to the taxpayer, under the circumstances, was an illegal distribution and that the sum he received in 1919 was received by him in trust,

and did not become his own property until all the liabilities of the corporation were satisfied.

The taxpayer has submitted a brief upon the subject, but is not able to submit any authority construing the above provision of the Kentucky statutes or similar provisions in other States, if any exist, in a manner suporting his position.

It is, of course, elementary that the funds of a corporation in the hands of dissolution trustees are trust funds, first, for the benefit of creditors, and thereafter for the benefit of stockholders. It is likewise elementary that a distribution to stockholders in preference of creditors creates a trust relationship which will enable the defrauded creditors to recover pro rata from among the stockholders, but our attention has been called to no case, and we know of none, which holds that a distribution to the stockholders of a corporation in proportion to their stock holdings does not then and there fix title in them of the proceeds of such distribution.

It is also elementary that directors making an improper distribution among stockholders in preference of creditors are themselves liable to the creditors in such a case, but this liability attaches to them in their official position and not to the proceeds which they may receive themselves as stockholders. The liability is measured by the debt to the creditor, and not by the sums they themselves received on account of the stock distribution. *Tapley Company* v. *Keller*, 117 N. Y. Supp. 817.

It should be borne in mind that Le Bus received the distribution here, not as an officer, but as a stockholder. Section 561, in prohibiting payments to officers, is at least open to the construction that the prohibition applies to receiving funds as officers and not as stockholders. This would be entirely consistent with the general provisions of law governing the so-called " trust-fund doctrine " as related specifically to stockholders. As so construed, the section would be particularly significant, since it would place around the dissolution of a corporation peculiar safeguards against the misappropriation of funds belonging both to creditors and stockholders in the guise of salaries and other special and preferential distributions. As an officer, Le Bus, together with the other trustees, reserved a substantial fund to meet the contingent liabilities of the corporation. It is true that it was not large enough to meet the maximum claim made by the Commissioner on account of taxes. It was, however, approximately two and one-half times the sum required to meet the liability as finally determined. The record does not disclose that there were any other substantial liabilities outstanding at the time the reserve of $120,000 was set aside. It is apparent that Le Bus and his associates in making distribution to the stockholders distributed only that which in their best judgment and in the ultimate outcome was a safe distribution after making full and adequate provision for the payment of debts and costs of liquidation.

Notwithstanding the so-called " trust-fund doctrine," a dissolution dividend may be declared and payment may be enforced by a stockholder, even though the affairs of the corporation have not been finally wound up. *Janeway* v. *Burn*, 86 N. Y. Supp. 628, affirmed 180 N. Y. 560.

We are of the opinion that Le Bus received income in the year 1919 on account of the dissolution dividend here in question, and that the determination of the Commissioner with reference to that transaction is correct and must be affirmed.