AUGUSTA G. BRENNAN, in Behalf of Herself and All Other Stockholders of ALBANY JOURNAL BUILDING CORPORATION Similarly Situated, Plaintiff, *v.* WILLIAM BARNES and Others, Defendants.

Supreme Court, Albany County, November 17, 1928.

*Whalen, Murphy, McNamee & Creble* [*Robert E. Whalen* of counsel], for the plaintiff.

*Wiswall, Walton, Wood & MacAffer* [*Frank L. Wiswall* of counsel], for the defendant William Barnes.

*Joseph D. Rosch*, for the defendant Cohoes American, Inc.

GOLDSMITH, J. This is a representative stockholders' action to recover corporate property which it is claimed a majority of the directors permitted to be transferred without consideration. There are three motions before the court. Two are addressed to the sufficiency of the complaint and the other is an application for injunctive relief *pendente lite*. They will be considered in order.

The complaint discloses that the defendant Albany Journal Building Corporation, hereafter referred to as the Corporation, was dissolved on the 12th day of July, 1927, by a certificate filed with the Secretary of State pursuant to section 105 of the Stock Corporation Law of 1923 (as amd. by Laws of 1924, chaps. 441 and 482),* and the Corporation thereupon ceased to carry on business except for the purpose of adjusting and winding up its affairs. The authorized and issued capital stock of the Corporation consisted of 4,000 shares of first preferred stock, 400 shares of second preferred stock and 100 shares of common stock of the par value of $100 each, with preference and priority of payment of the first preferred stock over the other classes upon dissolution of the Corporation.

At the commencement of this action the defendant William Barnes was the owner and holder of record of 3,692 shares of the first preferred stock, 400 shares of the second preferred stock and 100 shares of the common stock, all of which were acquired prior to any of the events mentioned in the complaint, and the plaintiff was the owner and holder of record of 300 shares of the first preferred stock, which were acquired the 31st day of December, 1926. At all times concerned with this litigation the board of directors of the Corporation consisted of the defendant William Barnes, William J. Brennan and Charles J. Zeller. After the dissolution of the Corporation these directors proceeded to wind up the business and affairs of the Corporation and discharged in full the liabilities and obligations of the Corporation. There

---

* Formerly Gen. Corp. Law, § 221, which was repealed by Laws of ·1923, chap. 787.— [REP.

remained for distribution among the stockholders upwards of $50,000 in cash, 180 shares of Class A stock and 70 shares of Class B stock of the defendant Cohoes American, Inc., and a certain bond and mortgage in the sum of $35,000. None of this property was distributed among the stockholders of the Corporation according to their respective rights and interests but a majority of the board of directors permitted the aforementioned cash and shares of stock of Cohoes American, Inc., to be transferred, without consideration, to the defendant William Barnes, who converted the property to his own use, subsequently transferring without consideration 40 shares of the Class A stock of Cohoes American, Inc., to the defendant Maude Fiero Barnes. All of the aforesaid shares of stock of Cohoes American, Inc., now stand on its books in the names of the defendants William Barnes and Maude Fiero Barnes. A majority of said board of directors also permitted a corporate assignment to be made of the aforesaid bond and mortgage to the defendant Maude Fiero Barnes, the wife of the defendant William Barnes, for a recited consideration of $32,000, no part of which was ever paid to the Corporation, and, although said bond and the accompanying mortgage were never delivered to the defendant Maude Fiero Barnes, she has collected and received for her own use the interest which became payable thereon. Plaintiff has made no demand upon the Corporation, or upon the directors thereof, to bring an action for the relief sought herein, because the majority of the directors who permitted the transfer of the corporate assets, as described in the complaint, are still in control of the affairs of the Corporation. The plaintiff seeks a judgment on behalf of herself and all other stockholders similarly situated declaring the aforesaid transfers null and void as having been made in fraud of the stockholders of the Corporation other than the defendant William Barnes; requests necessary relief, including an accounting, to recover the corporate property; and demands that during the pendency of this action the defendants William Barnes and his wife " be enjoined from transferring, otherwise than to the Corporation, and from voting upon, and defendant Cohoes American, Inc., be enjoined from transferring upon its books, otherwise than to the Corporation, any of said shares of stock of defendant Cohoes American, Inc."

The motions to dismiss the complaint upon the pleadings are made pursuant to rule 112 of the Rules of Civil Practice by the defendants William Barnes and Maude Fiero Barnes, and separately by the defendant Cohoes American, Inc. The sufficiency of the complaint is here for determination. (*People* v. *O'Brien*, 157 App. Div. 119.) All the facts alleged, together with all fair inferences

therefrom, are admitted, but the conclusions averred, the inferences drawn by the pleader, or the charges of fraud or illegality not supported by the facts alleged, are not admitted. (*Gilbert Paper Co.* v. *Prankard*, 204 App. Div. 83.) The new matter set forth in the answers does not call for replies and cannot be considered upon this motion, since such allegations are deemed to be controverted under section 243 of the Civil Practice Act. (*Town of Potsdam* v. *Ætna Casualty & Surety Co.*, 218 App. Div. 27; *Germini* v. *New York Central Railroad Co.*, 209 id. 442.)

This action is brought by the plaintiff on behalf of herself and all other stockholders of the Corporation similarly situated. The title so states. The nature of the action, however, is determined from the body of the complaint. (*Litchfield* v. *Flint*, 104 N. Y. 543; *First National Bank* v. *Shuler*, 153 id. 163, 173; *United Press* v. *Abell Co.*, 73 App. Div. 240.) The defendants urge that the representative character of the action does not appear because the complaint does not specify that there are other stockholders similarly situated. The complaint discloses that there are eight outstanding shares of the first preferred stock and it is a fair inference that the successful culmination of the action will inure to their benefit. Furthermore, the plaintiff does not seek individual relief but demands judgment in favor of the Corporation. The complaint states a cause of action as the representative of a class. (*Security Trust Co.* v. *Pritchard*, 201 App. Div. 142, 144.)

In an action of this kind the complaint must show two things: " *first*, the cause of action in favor of the corporation, which should be stated in exactly the same manner and with the same detail of facts as would be proper in case the corporation itself had brought the action; *second*, the facts which entitle the plaintiff to maintain the action in place of the corporation, that he is a stockholder therein, and that the corporation itself has either refused or unreasonably failed to bring the action. Ordinarily no other allegations are necessary or material." (*Kavanaugh* v. *Commonwealth Trust Co.*, 181 N. Y. 121, 124.)

The plaintiff states that she is the owner and holder of record of 300 shares of the first preferred stock of the Corporation. This allegation is sufficient for the purposes of the complaint. The plaintiff is not required to set forth the source of her title or the circumstances under which she acquired her stock. Those are matters of defense and may be raised by answer. (*Ward* v. *Smith*, 95 App. Div. 432; 6 Thomp. Corp. [3d ed.] § 4637.)

The charge is that a majority of the board of directors, while acting as liquidating trustees pursuant to section 105 of the Stock Corporation Law, permitted the funds and property of the Cor-

poration to be diverted into the hands of the majority stockholder and his wife. Directors who allow the corporate assets to be dissipated and wasted are remiss in the performance of their duties and are guilty of official misconduct. These are the natural inferences to be drawn from their acts. Whether such acts constitute misfeasance or nonfeasance in office, liability for loss resulting therefrom attaches to the offending directors as a legal consequence. The allegation, therefore, that a majority of the directors permitted funds and property of the Corporation to be transferred without consideration, states a cause of action against the directors.

The cause of action accrued to the corporation whose property was depleted. (*Wilson* v. *Brown*, 107 Misc. 167.) The direct wrong was done to the corporation. (*Rich* v. *N. Y. C. & H. R. R. R. Co.*, 87 N. Y. 382, 398.) It was both the right and the duty of the Corporation to take legal action to recover its property and its losses. (*Niles* v. *New York Central & H. R. R. R. Co.*, 69 App. Div. 144.) The suggestion of the defendants to the contrary is untenable upon the facts of this case as presented by the complaint. It is contended by them that the power granted to the Corporation by section 105 of the Stock Corporation Law to wind up its affairs, was exhausted when the net assets of the Corporation were distributed to the stockholders and that all corporate powers thereupon terminated, and it is urged that redress for any wrong perpetrated through the improper or illegal distribution of the corporate property is a matter for action by the individual holders of stock against the offending directors. I do not understand the powers derived from section 105 to be thus limited. Subdivision 8 of this section reads: " Such corporation shall continue for the purpose of paying, satisfying and discharging any existing liabilities or obligations, collecting and distributing its assets and doing all other acts required to adjust and wind up ts business and affairs, and may sue and be sued in its corporate name." The purpose of this section was to give a corporation dissolved under its provisions the authority to close its affairs. The corporation is made its own liquidator through its directors. (*Security Trust Co.* v. *Pritchard, supra.*) To presume that the Legislature intended to grant less than full power to the corporation to adjust and wind up its business would be an unwarranted presumption designed to defeat the purposes of the law. The language of the statute negatives such intention. The directors, after voluntary dissolution, become, in a sense, trustees invested with the property of the corporation and with the duty of liquidating its affairs. The directors are not discharged of their obligations nor has the corporation closed its business in accordance with the requirements of sec-

tion 105 until the assets belonging to the stockholders have been distributed to them in proportion to their respective rights. The corporation remains in existence and is entitled to function in order to consummate a legal liquidation of its affairs. If corporate property has been misapplied upon its distribution to stockholders, the corporation, in the performance of its duties as the liquidator of its own business, must bring an action to recover its losses. Divestment of assets is not the sole test to determine whether or not the corporation ceases to exist when dissolved pursuant to section 105. The statute is satisfied only when all obligations due the corporation have been collected, all liabilities of the corporation have been settled, and all of the property remaining in its hands has been rightfully distributed among the stockholders. The complaint in this case is that the assets of the Corporation have been unlawfully disposed of during liquidation. The majority of the directors being responsible for the dissipation of the corporate property, a cause of action against them accrues to the Corporation and the Corporation continues to exist for the purpose of enforcing its claim against the guilty directors and against others participating with them in the unlawful transfer of the property of the Corporation.

All of the relief sought by the plaintiff may be secured in this action. Section 91-a of the General Corporation Law (added by chapter 633 of the Laws of 1913) removes the distinction heretofore existing between strict actions for an accounting of property received and for wrongful acts and authorizes a single comprehensive action in equity in which the directors or officers of a corporation may be called to account for all of their acts while in office, whether the said acts consisted of actual misappropriation of funds or were negligence or neglect of duty resulting in damage. (*German American Coffee Co.* v. *Diehl, No. 2,* 86 Misc. 547; affd., 168 App. Div. 913.)

The liability of the directors in this case is joint and several and this plaintiff was not required to join Zeller and Brennan. Barnes was one of the delinquent directors and she could proceed against him without bringing in the other directors. (*Baker* v. *Baker,* 122 Misc. 757; *Buckley* v. *Stansfield,* 155 App. Div. 735.)

It was not necessary for the plaintiff to allege in the complaint that her predecessors in title did not assent to or acquiesce in the misconduct of the directors and the wasting of the corporate property. It is not necessary to negative assent or acquiescence in a fraud unless it is to be presumed from the allegations of the complaint. Such presumption does not arise in this case. If the plaintiff's predecessor in title was a party to the fraud, it is a matter of defense. (*Continental Securities Co.* v. *Belmont,* 206 N. Y. 7, 13.)

The right of the plaintiff to maintain this action is dependent upon the neglect and refusal of the Corporation to commence it. (*Kavanaugh* v. *Commonwealth Trust Co., supra.*) It is well settled law in this State that a demand is necessary upon the corporation unless the facts alleged show that it would be unavailing. (*O'Connor* v. *Virginia Passenger & Power Co.*, 184 N. Y. 46.) The complaint alleges: " Plaintiff has made no demand upon the Corporation, or upon the directors thereof, to bring an action for the relief herein sought, because the majority of said directors who permitted said assets of the Corporation to be so paid and transferred to defendant William Barnes, and said written instrument bearing date September 15, 1926, to be so signed under the seal of the Corporation, are still in control of the affairs of the corporation." It appears that the same directors are now in control of the Corporation who were responsible for the alleged dissipation of its property. It would be futile to make a demand upon them to institute an action in the name of the Corporation. Where those in control are themselves the wrongdoers, there is no reason to believe that, if the action were brought by the Corporation, it would be prosecuted in good faith. (*McCoy* v. *Gas Engine & Power Co.*, 135 App. Div. 771; *Boaz* v. *Sterlingworth Railway Supply Co.*, 68 id. 1.) The reasons set forth in the complaint are sufficient to excuse the plaintiff from making a demand upon the Corporation.

The plaintiff is not barred from maintaining a representative action in relation to the $35,000 mortgage merely because she did not become a stockholder until after it had been assigned to the defendant Maude Fiero Barnes. An action of this character may be maintained by a stockholder acquiring his stock subsequent to the transaction which is challenged. (*Pollitz* v. *Gould*, 202 N. Y. 11; *Continental Securities Co.* v. *Belmont, supra.*)

The defendant Cohoes American, Inc., has no monetary interest in the event of this action and demands judgment dismissing the complaint against it. The corporate stock of this defendant, however, constitutes a part of the subject-matter of this action and is now registered upon its books in the names of the defendants William Barnes and Maude Fiero Barnes. The complaint asks for no relief against Cohoes American, Inc., except such as would be conclusively established by a determination of the issues against Barnes and his wife, and the relief sought against this corporation is solely incidental thereto. The appearance of Cohoes American, Inc., in this action is purely voluntary and it " could safely have refrained therefrom, without jeopardizing any right or interest " which it owned or possessed " and without incurring any liability whatever for so doing." (*King* v. *Barnes*, 109 N. Y. 267, 281.)

The plaintiff is seeking restoration to the Corporation of the stock of Cohoes American, Inc., now standing in the names of Barnes and his wife. If judgment is rendered accordingly there can be a complete determination of the controversy involving this stock provided Cohoes American, Inc., is a party to the action. Full benefit of the award will then be assured, relieved of the possibility of any intervening obstacle. The interest of Cohoes American, Inc., although indirect, is sufficient to constitute it a proper party and render its presence in the action necessary for a full settlement of this phase of the litigation through a single decree of the court. (*International Paper Co.* v. *Hudson River Water Power Co.*, 92 App. Div. 56.) The case of *Robinson* v. *National Bank of New Berne* (95 N. Y. 637) was an action at law and is not in point here.

The motion for a temporary injunction was brought on by an order to show cause which contained a clause enjoining the defendants William Barnes and Maude Fiero Barnes from transferring, otherwise than to the Corporation, and from voting upon, and defendant Cohoes American, Inc., from transferring upon its books, otherwise than to the Corporation, any of the shares of stock of the defendant Cohoes American, Inc. These defendants have denied all of the material allegations of the complaint and they allege in substance, by way of defense, that the 300 shares of stock of the Corporation standing in the name of the plaintiff were secured by William J. Brennan, her husband and assignor, through trick and fraud in the violation of a confidential relationship existing between said Brennan and William Barnes. Although the pleadings and the affidavits of the respective parties reveal a shocking breach of good faith by either the plaintiff or the defendant William Barnes, the truth is still to be determined, and the result cannot be anticipated. The purpose of the injunction here is to preserve the present status and render any judgment effectual. There is no claim that the stock of Cohoes American, Inc., has any peculiar or special value other than intrinsic, and there is no allegation that the defendants William Barnes and wife are insolvent. There is a statement, however, that the defendant William Barnes intends to transfer a sufficient number of shares of stock of Cohoes American, Inc., to an Albany banking institution to insure the payment of $12,000 annually to a former wife. This claim, uncontradicted, indicates that William Barnes is in need of money to satisfy an obligation and that he threatens to dispose of the stock to secure funds for this purpose. It suggests that if the stock is relieved from the restraining order of the court, William Barnes' financial condition will not be such that a judgment awarded herein can be collected. Plaintiff only claims to own

300 shares of the first preferred stock of the Corporation, which is a small percentage of the total shares issued. Yet, according to her complaint and affidavits, more than $50,000 in cash and a bond and mortgage in the sum of $35,000 have been diverted from the Corporation. I think, therefore, that the injunction should continue during this litigation in respect to the transfer of the shares of stock in Cohoes American, Inc.

No good reason has been presented why the defendants Barnes and his wife should be enjoined from voting upon said shares of stock of Cohoes American, Inc., standing in their names. In order to protect the plaintiff it is not necessary to prevent these defendants from exercising any rights arising from or incident to the ownership by them of the said shares of stock. (*Maine Products Co.* v. *Alexander, No. 2*, 115 App. Div. 112.) The plaintiff is safeguarded by enjoining the defendants from transferring the stock in order that it may be delivered up should the judgment so order. As so modified the injunction is continued.

Motions for judgment upon the pleadings denied, with ten dollars costs in each.

The injunction heretofore granted is modified by striking out the provision restraining the defendants William Barnes and Maude Fiero Barnes from voting upon the shares of stock held by them in Cohoes American, Inc., and as so modified is continued against all parties during the pendency of the action.

Settle order.