VIOLET L. PARISH-WATSON et al., as Trustees in Liquidation of Parish-Watson & Co., Inc., Plaintiffs, *v.* CHALOM ART GALLERY, INC., et al., Defendants.

City Court of New York, Special Term, New York County, June 7, 1943.

*I. T. Flatto* for defendants.

*Frederic Emmerich* for plaintiffs.

COLEMAN, J. The plaintiffs were the sole directors of Parish-Watson & Co., Inc., a New York corporation, which has been dissolved under section 105 of the Stock Corporation Law. They have brought the action " as Trustees in Liquidation of Parish-Watson & Co., Inc." upon a nonnegotiable note belonging to the corporation.

Defendants have not joined issue by the service of an answer, but move to dismiss the complaint under subdivisions 3 and 5 of rule 106, and subdivision 5 of rule 107, of the Rules of Civil Practice, on the ground that it appears that the plaintiffs, in the character in which they sue, have no legal title to the note, and lack the capacity to initiate an action to enforce defend-

ants' liability as makers. Their contention is well founded. (*Security Trust Company of Rochester* v. *Pritchard*, 201 App. Div. 142.)

The *Security Trust* case was a stockholders' representative action brought by one stockholder for the benefit of itself and all other stockholders similarly situated against the " liquidating trustees " of a corporation in dissolution, and others, to set aside certain conveyances made in the name of the corporation prior to its dissolution, which were alleged to have been unlawful and to have resulted in a diversion of corporate assets. It was pointed out in the opinion that the dissolved corporation was the party to whom the cause of action belonged, that neither the stockholder who was the nominal plaintiff, nor any other stockholder in whose behalf the action was brought, but the corporation itself would become entitled to the property if plaintiff should prevail and the conveyance should be declared void. It was held that inasmuch as the corporation would not sue as plaintiff, a representative action was properly brought, but that the corporation itself, although it had been dissolved (under a predecessor statute of the present section 105 of the Stock Corporation Law), should have been made a party defendant, that it was not sufficient for plaintiff to name as defendants in its stead the so-called " liquidating trustees ". The court said (p. 147): " We think, therefore, there is clearly a defect of parties defendant. The corporation is still in existence and will on plaintiff's theory be entitled to the property, and if the conveyances are declared void, the corporation is a necessary party. It is the liquidator, the cause of action belongs to it, and it was the one to assert the right to recover misappropriated corporate assets."

It is clear that these plaintiffs could not as " liquidating trustees " obtain judgment in that capacity upon a note not negotiated or assigned to them and belonging to a corporation voluntarily dissolved under section 105 of the Stock Corporation Law. They are " trustees " only in a limited sense, as pointed out in the *Security Trust Company* case (p. 146): " The corporation continues in existence, not to exercise any corporate power or to transact any new business, but ' for the purpose of paying, satisfying and discharging any existing debts or obligations, collecting and distributing its assets and doing all other acts required in order to adjust and wind up its business and affairs, and may sue and be sued ' for such purpose. A corporation can only act through its directors or by some one appointed in their place, and they are likewise

given power in said section and directed to proceed ' to adjust and wind up its business and affairs with power to carry out its contracts and to sell its assets at public or private sale, and to apply the same in discharge of debts and * * * to distribute the balance of assets among the stockholders.' They are, of course, in a sense *trustees* because they have no power to perform further corporate duties or to do new business, but must act only as liquidators, and their powers are derived from this section providing for the dissolution.''

There is in this case no mere defect of parties plaintiff which may be remedied under section 192 of the Civil Practice Act. Plaintiffs have not title to the notes, as trustees or otherwise, nor are they authorized by statute to sue in the corporation's behalf in a representative capacity, and it is immaterial that they describe themselves as '' liquidating trustees ''. The corporation has the capacity to bring the action and must do so in its own name, even though it acts through the agency of the persons who are the plaintiffs in the case. The action must therefore be dismissed.

The motion is granted. Judgment of dismissal may be entered in favor of defendants.

Order signed.