(75 App. Div. 23.)
HOWARD v. MOBILE CO. OF AMERICA.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1902.)

1. PLEADING—IRRELEVANT AND REDUNDANT ALLEGATIONS—MOTION TO STRIKE.
    In an action by a landlord against his tenant for damages to the leased building by fire, the complaint, after setting out the lease, wherein defendant had agreed to conform to the fire underwriters' rules as to the storage of gasoline, alleged what such rules provided, that defendant had violated them, and that the insurance company refused to pay on account of such violation. The complaint further alleged that at the time of the making of the lease it was agreed between the parties thereto that no gasoline was to be handled within the building. It did not appear whether the collateral agreement was in writing or by parol. *Held*, that a motion to strike out the allegation of the collateral agreement, under Code Civ. Proc. § 545, providing for the striking out of irrelevant and redundant matter, was properly refused, the relevancy and necessity of such allegation being dependent upon questions which could be determined only at the trial.

Appeal from special term, Erie county.
Action by Gibson Howard against the Mobile Company of America. From an order denying a motion to strike out an allegation of plaintiff's complaint, defendant appeals. Affirmed.
Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Cox, Kernan & Kimball, for appellant.
Randall, Hurley & Porter, for respondent.

WILLIAMS, J. The order appealed from should be affirmed, with costs.
The action was brought to recover damages for injuries to plaintiff's buildings by fire. The property was at 71 Carey street, in the city of Buffalo, N. Y., and was leased by plaintiff to defendant to be used as a livery for mobile station carriages. The lease was in writing, and was set out in the complaint in full. Among other provisions therein contained was the following: "The Mobile Company agree to conform to the fire underwriters' rules as to the storage and care of gasoline." The complaint alleged what those rules provided in detail, and further alleged in brief that the defendant, in violation of its agreement in the lease, failed to conform to such rules as to the storage and care of gasoline, but stored and handled the same in violation of such rules, and as a result thereof plaintiff's property was set on fire, and completely burned and destroyed. The fire having been caused by the handling of large quantities of gasoline within and about the building

in the nighttime, the insurance companies in which the buildings were insured refused absolutely to pay the insurance thereon, and by reason of the premises the plaintiff suffered damages, which he claimed to recover. These were, in effect, the allegations of the complaint, to which no objection was made. In addition the allegations sought to be struck out were inserted in the complaint, as follows: "That at the time of making the said agreement [the written lease] it was, in addition thereto, specifically agreed and understood by and between the parties thereto that the handling of gasoline openly was dangerous, and that the handling of gasoline within the building in any manner was extremely dangerous, and liable to cause explosion and fire; and that it was specifically understood and agreed between the parties that no gasoline would be handled within the buildings; that the gasoline to be used by the defendant in its motors was to be stored in a barrel outside the buildings, and to be handled entirely outside the buildings"; and that the damage was caused by a violation of these agreements. It was claimed by the defendant that these allegations were irrelevant and redundant, that the defendant was aggrieved thereby, and they should, therefore, be stricken out, under section 545, Code Civ. Proc. Relief of this kind rests largely in the discretion of the court, and should be granted only when it is evident, if denied, the moving party will be aggrieved by the allegation remaining in the pleading. It does not appear by the pleading whether the agreements referred to in these allegations were in writing or by parol. If in writing, they could certainly be proved on the trial, having been made at the same time as the lease, and having been alleged in the complaint. Possibly they could be proven if by parol. It can be more satisfactorily determined on the trial, whether the agreements were valid, and constituted, in whole or in part, a basis for plaintiff's right of action. Whether the agreements were within the rules of the fire underwriters, and so covered by the lease, will depend upon whether there were any rules, and what they were. The plaintiff alleges there were rules, and sets out the nature thereof. The defendant may concede there were rules, and that they are correctly set out in the complaint, or it may controvert the allegations of the complaint with reference thereto. Then the issues so raised can only be determined upon the trial. If the agreements in question go beyond the rules as finally established, we see no reason why they might not be relied upon in whole or in part as a basis of plaintiff's right of action, especially if in writing. While technically it might be said that the allegations, if immaterial, would, if allowed to remain in the complaint, aggrieve the defendant, yet we think under the circumstances the court very properly denied the motion to strike them out, and the order should be affirmed, with $10 costs and disbursements. All concur.