## INDELLI et al. v. LESSTER.

(Supreme Court, Appellate Division, First Department. February 19, 1909.)

1. EVIDENCE (§ 443*)—PAROL EVIDENCE AFFECTING WRITING—COLLATERAL AGREEMENT.

    Where the owner of a tax lease contracts in writing for work on the leased premises which he has sublet to another, a verbal agreement on the part of the contractors to obtain possession at their own expense, made as an inducement to the written contract, is a collateral undertaking, the terms of which may be proved in defense to a claim for damages for refusal to allow them to proceed with their work.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2049; Dec. Dig. § 443.*]

2. EVIDENCE (§ 441*)—PAROL EVIDENCE AFFECTING WRITING—COLLATERAL AGREEMENT.

    The rule prohibiting parol evidence varying or modifying a written agreement does not apply to a separate, independent, or collateral undertaking.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2030; Dec. Dig. § 441.*]

3. EVIDENCE (§ 442*)—PAROL EVIDENCE AFFECTING WRITING—MATTERS NOT INCLUDED.

    Nor does the rule apply where the original contract was verbal and entire, and a part only was reduced to writing.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1882; Dec. Dig. § 442.*]

4. CONTRACTS (§ 328*)—ACTION FOR BREACH—DEFENSE.

    If persons contract to do work for another on premises not in his possession, and the contractors know it and agree to obtain possession at their own expense, the agreement would be a good defense to an action for damages based on the fact that they could not obtain possession.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1577; Dec. Dig. § 328.*]

5. PLEADING (§ 364*)—IRRELEVANT AND REDUNDANT MATTER—MOTION TO STRIKE.

    Motions to strike out portions of a pleading as irrelevant or redundant are not favored, and will be denied unless the court can clearly see

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the allegations objected to have no possible bearing on the subject-matter of the litigation.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 364.*]

6. PLEADING (§ 363*)—IRRELEVANT AND REDUNDANT MATTER—MOTION TO STRIKE—DISCRETION OF COURT.

Applications to strike out portions of a pleading as irrelevant or redundant are addressed to the sound discretion of the court.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 363.*]

7. PLEADING (§ 364*)—IRRELEVANT OR REDUNDANT MATTER—MOTION TO STRIKE—WHEN GRANTED OR DENIED.

Applications to strike out portions of a pleading as irrelevant or redundant are granted only where it is evident, if denied, the moving party will be prejudiced, and denied unless it is apparent that the adverse party will not be harmed.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 364.*]

Appeal from Special Term, New York County.

Action by Minnie A. Indelli and another against William C. Lesster. From an order striking out a part of the answer as irrelevant, defendant appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edward S. Clinch, for appellant.

Morris Leight, for respondents.

McLAUGHLIN, J. Action to recover damages alleged to have been sustained by reason of the refusal of defendant to allow plaintiffs to proceed with the execution of a written contract for work on real estate. The contract is annexed to and made a part of the complaint.

From the complaint it appears that the defendant was the owner of a tax lease of the premises in question, and on May 1, 1907, he sublet the premises to one Ferber for one year; that in contemplation of the erection of a new building on the premises he on the 10th of March, 1908, extended the term of the lease; that on the 3d of April, 1908, the plaintiffs and defendant entered into the contract in question, and on the following day the plaintiffs went to the premises, and found the same in possession of other persons who asserted their right to the same, and thereby prevented the plaintiffs from performing the work which they had contracted to do. After denying the material allegations of the complaint, the defendant, as a defense, alleged that prior to the execution of the contract referred to in the complaint the plaintiffs were informed by defendant and knew that he was not in possession of the premises referred to, but that one Ryan was, who was holding the same adversely to the defendant, for which reason the defendant and his tenant Ferber would be unable to put the plaintiffs in possession for the purpose of carrying out the contract; that as an inducement to the making of the contract the plaintiffs agreed at once to obtain possession by their own efforts and at their own expense, and to complete the work mention-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed in the contract on or before a day specified; that the price agreed to be paid was largely in excess of the value of the work to be done, for the reason that each of the parties knew that the defendant was not in possession and could not obtain possession before the time fixed for the completion of the work to be done; and that the amount agreed to be paid in excess of the value of the work was intended to compensate the plaintiffs for their services in obtaining possession and for any delay or expense to which they might be subjected in so doing. The court at Special Term struck out of the answer the foregoing allegations upon the ground that they were irrelevant and redundant, and the defendant appeals.

If these allegations in the answer be true, then it appears that the whole contract was not reduced to writing, and defendant has a right to prove the whole contract. The agreement on the part of the plaintiffs to obtain possession at their own expense was a collateral undertaking, the terms of which defendant is entitled to prove as a defense to the claim for damages. The rule prohibiting parol evidence varying or modifying a written agreement does not apply to a separate, independent, or collateral undertaking, or where the original contract was verbal, and entire and a part only was reduced to writing. Chapin v. Dobson, 78 N. Y. 74, 34 Am. Rep. 512. If the defendant was not in possession and the plaintiffs knew it at the time the contract was made, and the latter agreed to obtain possession at their own expense, this would be a proper matter in defense of an action to recover damages based upon the fact that they could not obtain possession.

Motions to strike out portions of a pleading as irrelevant or redundant are not favored, and will be denied unless the court can clearly see that the allegations sought to be stricken out have no possible bearing on the subject-matter of the litigation. Kavanaugh v. Commonwealth Trust Co., 181 N. Y. 121, 73 N. E. 562. Such applications are addressed to the sound discretion of the court, and granted only where it is evident that if denied the moving party will be prejudiced (Howard v. Mobile Company of America, 75 App. Div. 23, 77 N. Y. Supp. 957), and denied unless it is apparent that the adverse party will not be harmed (Rockwell v. Day, 84 App. Div. 437, 82 N. Y. Supp. 993).

I am of the opinion that the order appealed from should be reversed, with $10 costs and disbursements, and the motion to strike out denied, with $10 costs. All concur.