and Taylor, JJ., who dissent upon the ground that the verdict is against the weight of the evidence on the question of whether the accident actually occurred as claimed, and on the question of whether plaintiff's physical condition was proximately due to the alleged accident, and on the further ground that in any event it was error to charge that if, when the engine was turned over to plaintiff, the curtain was rolled up on top of the vestibule, the jury could find that it was not in proper condition and safe to use, and that, if they so found, the defendant was just as liable as if the curtain had fallen by reason of a defect in the hooks. Assuming that the curtain is an appurtenance, if it was, in itself, in proper condition and safe to operate, we think it did not become otherwise within the act* merely because it was permitted to remain in a position where vibration might cause it to fall. Present — Hubbs, P. J., Clark, Sears, Crouch and Taylor, JJ.

BERTHA M. BOEPPLE, Respondent, v. ALICE KERSHAW, Defendant, Impleaded with BENJAMIN O. NEWTON and Another, Appellants.— Judgment affirmed, with costs. All concur. Present — Hubbs, P. J., Clark, Davis, Sears and Taylor, JJ.

ROBERT W. WEIR and Another, Respondents, v. ELLEN G. LEO, Appellant.— Judgment affirmed, with costs. All concur. Present — Hubbs, P. J., Clark, Davis, Crouch and Taylor, JJ.

AUSTIN P. HENRY, Respondent, v. ROSSVILLE COMPANY, Appellant.— Judgment affirmed, with costs. All concur. Present — Hubbs, P. J., Clark, Davis, Crouch and Taylor, JJ.

HENRY A. BAKER, Individually and on Behalf of All Stockholders of the C. J. BAKER Co., INC., etc., Respondent, v. CHARLES J. BAKER and Others, Appellants.— Order affirmed, with ten dollars costs and disbursements. All concur. Present — Hubbs, P. J., Clark, Davis, Crouch and Taylor, JJ.

HENRY A. BAKER, Individually and on Behalf of All Stockholders of the C. J. BAKER Co., INC., etc., Respondent, v. CHARLES J. BAKER and Others, Appellants.— Order affirmed, with ten dollars costs and disbursements. All concur. Present — Hubbs, P. J., Clark, Davis, Crouch and Taylor, JJ.

GRANGER & COMPANY and Another, Appellants, v. HARRY L. ALLEN, as Trustee, etc., and Others, Respondents.— Appeal from order entered April 5, 1923, dismissed, without costs. See opinion by Davis, J., in Allen v. Fink (211 App. Div. 411), decided herewith. All concur. Present — Hubbs, P. J., Clark, Davis, Sears and Taylor, JJ.

GRANGER & COMPANY and Another, Appellants, v. HARRY L. ALLEN, as Trustee, etc., and Others, Respondents. HARRY L. ALLEN, as Trustee, etc., Appellant, v. CHARLES W. FINK, Respondent, and Thirty-six Other Actions Brought by the Same Plaintiff, against Different Defendants.— Appeal from order entered July 5, 1924, dismissed, without costs. See opinion by Davis, J., in Allen v. Fink (211 App. Div. 411), decided herewith. Present — Hubbs, P. J., Clark, D'avis, Sears and Taylor, JJ.

GRANGER & COMPANY and Another, Appellants, v. HARRY L. ALLEN, as Trustee, etc., and Others, Respondents. HARRY L. ALLEN, as Trustee, etc., Appellant, v. CHARLES W. FINK, Respondent, and Thirty-six Other Actions

* See Federal Locomotive Boiler Inspection Act of 1911 (36 U. S. Stat. at Large, 913, chap. 103), § 2, as amd. by 38 id. 1192, chap. 169, § 1. Since amd. by 43 id. 659, chap. 355, § 2. Verdict was for $45,000.— [REP.