GERSETA CORPORATION and Another, Respondents, *v.* THE SILK ASSOCIATION OF AMERICA and Others, Appellants.

First Department, April 29, 1927.

Monopolies — action under Donnelly Anti-Trust Act (General Business Law, § 340, as amd.) to recover damages — complaint alleges history of plaintiff corporation and of defendant showing how defendant restrains trade and monopolizes industry and also acts leading to expulsion of said plaintiff from membership in defendant and resulting boycott of plaintiff and other facts tending to show conspiracy and damage — complaint not dismissed on ground that it contains irrelevant, redundant and unnecessary matter — motion to make complaint definite and certain is denied — motion to separately state and number causes of action denied — action by plaintiff corporation and by individual plaintiff improperly joined.

This is an action by a corporation and by an individual brought under the Donnelly Anti-Trust Act (General Business Law, § 340, as amd.) to recover damages alleged to have been caused by conspiracy and by acts of the defendants in unlawful restraint of trade. The motion by the defendants to strike out the second amended complaint on the ground that it contains much irrelevant, redundant and unnecessary matter is denied. The complaint should not be stricken out simply because it contains some allegations that may be unnecessary or irrelevant. The nature of this action justifies the plaintiffs in alleging the character of the plaintiffs' business and the history of the plaintiff corporation and also in alleging the organization of the defendant, its character and purpose and facts tending to show how it accomplishes the restraint of trade claimed and monopolizes the industry in which the plaintiffs are engaged. Plaintiff corporation also properly alleged its expulsion from membership in the defendant association and the boycott that followed such expulsion to the damage of the plaintiff corporation.

The motion by the defendants in the alternative to make the complaint definite and certain is denied, for in an action of this character the courts will not require the party injured to set out the cause of action with the same degree of precision as to time, places, methods and persons as is required in the ordinary common-law action; all that is necessary is to allege with reasonable certainty and definiteness the causes which result in injury and to connect defendants therewith in such a manner that defendants are apprised of the character of the accusation.

The plaintiffs will not be required to separately state and number what the defendants claim are causes of action at common law and causes of action under the Donnelly Anti-Trust Act.

The action by the plaintiff corporation and that by the individual plaintiff were improperly joined, for the claims are fundamentally different, since the corporation is the one claiming direct injury and the individual plaintiff is merely the president and a stockholder of the plaintiff corporation and claims to have had his reputation injured through the action of the defendant association in restraining its members from dealing with him or any company in which he or his family was interested.

APPEAL by the defendants, The Silk Association of America and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of January, 1927, denying defendants' motion to strike out the second amended complaint and for other alternative relief, but directing the severance of the causes of action alleged therein and that each plaintiff duly serve a third amended complaint as therein specified.

*Walter Gordon Merritt* of counsel [*Burgess Osterhout* and *John Mosby Russell* with him on the brief; *Gleason, McLanahan, Merritt & Ingraham,* attorneys], for the appellants.

*Mortimer Hays* of counsel [*David L. Podell, Benjamin Kirsch* and *Benjamin Algase* with him on the brief; *Hays, Podell & Shulman,* attorneys], for the respondents.

Order affirmed, with ten dollars costs and disbursements, on the opinion of CRAIN, J., at Special Term.

Present — DOWLING, P. J., MERRELL, FINCH, McAVOY and PROSKAUER, JJ.

The following is the opinion of the Special Term:

CRAIN, J. This is a motion by the defendants for an order striking out the plaintiffs' second amended complaint in this action upon the ground that it contains much irrelevant, redundant and unnecessary matter, and in such form may tend to prejudice, embarrass or delay the fair trial of this action, or for an order, if the court should refuse to strike out the entire second amended complaint, to strike therefrom certain matters lettered A to M, inclusive, in defendants' notice of motion as being objectionable and to direct service of a third amended complaint omitting such matters, or for an order, if the court should refuse to strike out the entire second amended complaint, or parts thereof, hereinbefore referred to, requiring the second amended complaint to be amended so as to make certain allegations set forth in the defendants' notice of motion and numbered 1 to 27, both inclusive, and for an order further directing the severance of the alleged causes of action of the respective plaintiffs herein, including the service by each

plaintiff of a separate complaint wherein the alleged cause or causes of actions of such plaintiff will be stated and further directing that each plaintiff separately state and number each cause of action, namely, the statement of the cause of action at common law, if any, and the statement of the cause under the statute, if any, and for an order, if the court should refuse to direct service of another complaint, for an extension of time to answer and to make further motion herein until twenty days after the service of a copy of the order to be entered upon this motion, and for such other and further relief as may be just. The complaint is by one Gerseta Corporation and Paul Gerli against The Silk Association of America and various individual defendants and is brought under the Donnelly Anti-Trust Act * for damages alleged to have been caused by the unlawful combination and conspiracy of the defendants herein. The complaint describes the parties to the action. It sets forth that the plaintiff corporation was engaged in the manufacture of silk. It describes such plaintiff's organization, its subsidiary mills, its method of doing business and the building up of its good will and reputation. The complaint sets forth such plaintiff's method of merchandising and the interstate character of its business, describing its business from the purchase of raw material from abroad to its manufacture in this and other States, and its shipment of the manufactured products throughout the various States of the country. It describes the defendant association. It shows its formation, its nature, its strength, its extent and its power. It shows that it controls the silk industry. It purports to allege that it accomplishes the restraint of trade and that it monopolizes the industry. It purports to show the method by which its monopoly and control of the industry is exerted by it and the individual defendants. The complaint then sets forth the acts leading to the expulsion of the plaintiff corporation from membership in the defendant, The Silk Association of America, and the alleged resultant boycott and the alleged exertion of the unlawful power previously described. The complaint then sets forth the submission by the plaintiff corporation upon named occasions before an arbitration committee of the defendant The Silk Association of America to arbitrations and alleges that in such instances the arbitrators wrongfully and willfully disregarded the arbitration agreement and so disregarding it made awards prejudicial to the plaintiff corporation which were subsequently set aside by the court. It alleges such awards as overt acts in the accomplishment of the conspiracy of which complaint is made. It alleges the expulsion

* See Laws of 1899, chap. 690, § 1; revised by General Business Law, § 340, as amd. by Laws of 1918, chap. 490, and Laws of 1921, chap. 712.—[REP.

of the plaintiff from the defendant association and the circumstances leading up to and tending to such expulsion. It alleges the appeal which the plaintiff made to the courts and the final outcome of the litigation in the sustaining of the plaintiff's position at a Special Term of this court on the trial of issues presented by an alternative writ of mandamus which the plaintiff had procured. It alleges the hampering and final destruction of plaintiff's business by that which it alleges the defendant association did and shows that the plaintiff corporation has passed into the hands of a receiver who is now administering its affairs. It seeks to recover a judgment in the sum of $7,000,000, with interest and costs. The second cause of action proceeding upon similar allegations in behalf of the individual plaintiff Paul Gerli alleges that by reason of the acts complained of his credit and standing were destroyed. This second amended complaint is assailed on the ground that it contains allegations which constitute an attempt on the part of the plaintiffs to recover on alleged causes of action belonging to the other corporation on the ground that it contains allegations which do not aver any material facts, or are conclusions of law, or are so general and indefinite as to lead only to conjecture. In this connection it is urged that some of these alleged general conclusions violate the rule of pleading laid down by section 241 of the Civil Practice Act and that at most they suggest and insinuate material facts without stating them, thus leaving defendants by inference and conjecture to guess what they are. The defendants also urge that the allegations to the effect that the defendants had " boycotted " and " black-listed " the individual plaintiff without setting forth specific facts and details on which this plaintiff bases these allegations are insufficient, as these terms are but conclusions. The defendants further contend that numerous allegations of the complaint are incompetent and irrelevant, and that they should be stricken out on that account as well as for other reasons. Motions to strike out parts of a pleading as irrelevant and redundant are not favored by the court. Where under any possible circumstances evidence of the facts pleaded in the allegations sought to be stricken out have any bearing on the subject-matter of the litigation, the motion will be denied. If the complaint sets out more than is required to sustain the action, such matter cannot be said to be irrelevant or redundant, although they may be intermingled with essential allegations, expressions and language not, strictly speaking, necessary. To allege a conspiracy or combination in restraint of trade, it is not only proper but necessary to set forth fully the origin, character of defendant, its history in regard to the alleged

unlawful conduct, growth and methods of business in the respect complained of. To eliminate all such matter which upon a critical analysis might seem irrelevant or redundant would endanger the structure upon which the plaintiff's cause of action is founded. These considerations lead to the denial of those portions of defendants' motion in which they seek an order striking out the whole of the plaintiffs' second amended complaint or certain portions of the same. So far as the defendants move to make the second amended complaint more definite and certain it is sufficient to say that to require the party injured by a conspiracy of the character denounced by the " Anti-Trust Act " to set out its cause of complaint with that degree of nicety and precision in stating times, places, methods and persons, as is required in the ordinary common-law pleading, would be to nullify the beneficent purpose of the statute. It has been held that if the pleader sets out with reasonable certainty and definiteness the causes which result in its injury, and connects the defendants therewith in such manner that defendants are apprised of the character of the accusation so that they will not be prejudiced in making their defense, the complaint will not be stricken out, even though it may contain some statements of a general and indefinite character. Under the circumstances the plaintiffs will not be required to make their second amended complaint more definite and certain, nor will they be required to separately state and number what the defendants say are causes of action at common law and causes of action under the Donnelly Anti-Trust Law. But that part of the defendants' motion which asks for an order for the severance of the alleged cause of action of the Gerseta Corporation and the alleged cause of action of Paul Gerli is hereby granted. In the case at bar the claims of the Gerseta Corporation and Paul Gerli are fundamentally different. The Gerseta Corporation is the corporation which is claimed to have been injured in its business and property. Paul Gerli was merely the president and a stockholder of the Gerseta Corporation. His first claim seems to be an injury to his reputation, and then he goes on to say that all of the members of the defendant association were restrained from dealing with him, or any company in which he or his family was interested. He thus alleges a distinct and different conspiracy from the one alleged in the first cause of action. To try both of such causes of action at the same time would not be in furtherance of justice but would lead to confusion.