ETHEL M. SWEENEY, Plaintiff, *v.* NATIONAL ASSETS CORPORATION and Others, Defendants.

Supreme Court, Erie County, November 14, 1930.

*Thomas M. Sweeney,* for the plaintiff.

*Garey & Garey [George H. Kennedy* of counsel], for certain defendants.

HARRIS, J. Motion No. 1 is made on behalf of the defendant Pell to compel service of an amended complaint, such defendant claiming that there is a misjoinder of causes of action in the complaint.

Motion No. 2 is made on behalf of the defendant Auger ·to set aside an order of publication of summons herein.

Motion No. 3 is made on behalf of the defendants William E. Haskell, Luther Martin and M. McAllister Smith, to set aside service of summons made by substituted service.

Motion No. 1: The complaint in this action pleads two representative or derivative causes of action by the plaintiff, on behalf of herself and other stockholders, for the benefit of the corporation, against the defendant officers and directors, and in such complaint there is joined with such two representative or derivative causes of action a cause of action in alleged fraud against the individual defendants in behalf of the individual plaintiff.

This is an improper uniting of causes of action. (*Brock* v. *Poor,* 216 N. Y. 387.)

Were it not for the 11th paragraph in the prayer for relief, then allegation No. 18 in the complaint might be construed as surplusage and ordered stricken out. (*Baker* v. *Baker,* 122 Misc. 757; affd., 212 App. Div. 850.)

The motion of the defendant Pell to compel service of an amended complaint is granted, with ten dollars costs, and the plaintiff is allowed twenty days from the service of the order, based upon this memorandum, to serve such amended complaint.

Motion No. 2: The defendant Auger moved to have the order of publication set aside, on the ground that he is a non-resident of the State of New York, and that no property belonging to him has been attached in the State of New York. A judgment *in personam* against a non-resident defendant would be void and unenforcible unless he were personally served within the State or had made a voluntary general appearance in the action. (*Pennoyer* v. *Neff,* 95 U. S. 714.)

A judgment *in rem* against such non-resident would be enforcible to the extent of *res* over which the court had jurisdiction.

The defendant corporation, although a foreign corporation, is authorized to and is doing business in the State of New York and, as alleged in the complaint, has all of its property in this State. In my opinion, a judgment in the action at bar would be enforcible

against such defendant corporation and its property, and that, therefore, this action is one where the *res* is in the jurisdiction of the court, and for that reason such service by publication must stand. (*Holmes* v. *Camp*, 219 N. Y. 359; *Gagnon* v. *Roberts*, 131 Misc. 126; affd., 224 App. Div. 723; *German American Coffee Co.* v. *Diehl*, 216 N. Y. 57.)

Therefore, such motion No. 2 is denied, with ten dollars costs to the plaintiff.

Motion No. 3: On this motion it is apparent that the three defendants seeking to have set aside service which was made on them by substituted service, on the theory that they are residents of the State, are, and at the time of the commencement of the action were, non-residents of the State, and, therefore, it is necessary to set aside such substituted service of the summons as against each one of such three defendants. (Civ. Prac. Act, §§ 230, 231.)

Such service is set aside, with ten dollars costs in favor of the three defendants.