PHILIP WOLF, Appellant, *v.* DOMESTIC BROADTAIL PRODUCERS, INC., Respondent.

First Department, March 18, 1932.

*Isidore Weckstein* of counsel [*Benjamin Komarow* with him on the brief], for the appellant.

*Samuel C. David* of counsel, for the respondent.

MARTIN, J. By the terms of a written contract dated December 31, 1927, the defendant engaged the plaintiff as a salesman and sales

manager for a period of one year commencing January 1, 1928, and terminating December 31, 1928, at a salary of $125 per week, plus one per cent of the gross sales of its business and a guaranty by the defendant that the one per cent would amount to at least $10,000 during that year. It is claimed by the plaintiff that the contract was renewed from year to year. This action is brought to recover the amount alleged to be due for the services performed during the last year the contract was in existence.

The defendant moved under rule 103 of the Rules of Civil Practice to strike out all the allegations of the complaint numbered II to IX, inclusive. The motion was made upon the affidavit of the defendant's attorney which sets forth that these allegations are immaterial, irrelevant and unnecessary and may tend to prejudice the defendant.

In opposition to the motion, plaintiff's attorney submitted an affidavit alleging that the original agreement was in writing; that each year it was renewed and continued for an additional period of one year.

The plaintiff contends that it is necessary for him to allege the original written contract and the renewals from year to year due to the fact that the original contract was in writing, whereas the renewals were oral; that if he is compelled to rely upon the last contract covering the last year which was an oral contract renewing and continuing the written agreement, then he will be prevented from showing the facts upon the trial, and in addition thereto the defendant will probably plead the Statute of Frauds upon the ground that it would then be a contract for one year to commence in the future.

If the allegations of this complaint numbered II to IX are stricken out the plaintiff will be prevented from proving the original written contract and the renewals thereof. When the facts set forth in a complaint constitute one of the links which collectively spell out the cause of action or defense they should not be stricken out.

In *Gerseta Corp.* v. *Silk Assn. of America* (220 App. Div. 302) this court said: " Where under any possible circumstances evidence of the facts pleaded in the allegations sought to be stricken out have any bearing on the subject-matter of the litigation, the motion will be denied. If the complaint sets out more than is required to sustain the action, such matter cannot be said to be irrelevant or redundant, although they may be intermingled with essential allegations, expressions and language not, strictly speaking, necessary."

In *Indelli* v. *Lesster* (130 App. Div. 548) Mr. Justice McLaughlin, writing for this court, said: " Motions to strike out portions of a

pleading as irrelevant or redundant are not favored and will be denied unless the court can clearly see that the allegations sought to be stricken out have no possible bearing on the subject-matter of the litigation. (*Kavanaugh* v. *Commonwealth Trust Co.*, 181 N. Y. 121.) Such applications are addressed to the sound discretion of the court and granted only where it is evident that if denied the moving party will be prejudiced (*Howard* v. *Mobile Co. of America*, 75 App. Div. 23), and denied unless it is apparent that the adverse party will not be harmed. (*Rockwell* v. *Day*, 84 App. Div. 437.) "

The allegations which have been stricken out are necessary and material. The plaintiff admits that he must allege and prove those facts before he can recover. No harm can result to the defendant from a denial of the motion to strike out the paragraphs in question, but considerable harm may result to the plaintiff in that he will be barred from proceeding with his case if he is deprived of the opportunity of proving the original written contract and the alleged oral renewals or continuations thereof.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.

FINCH, P. J., MERRELL, MCAVOY and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendant to answer within twenty days from service of order upon payment of said costs.