CELIA C. GALLIN, Suing on Her Own Behalf and on Behalf of All Other Creditors of BOND AND MORTGAGE GUARANTEE COMPANY Similarly Situated, Plaintiff, *v.* C. D. BURDICK and Others, Defendants.*

Supreme Court, Kings County, March 30, 1934.

* Affd., 241 App. Div. 888.

*Lupka & Pomerantz* [*Abraham L. Pomerantz* of counsel], for the plaintiff.

*Greenbaum, Wolff & Ernst* [*Newman Levy* and *Theodore S. Jaffin* of counsel] and *Alfred C. Bennett* [*Abraham J. Halprin* of counsel], for the defendant Bond and Mortgage Guarantee Company and George S. Van Schaick, Superintendent of Insurance of State of New York, as rehabilitator.

SMITH, PETER P., J. The action is in equity by plaintiff, on her own behalf and on behalf of all others similarly situated, as a creditor, holding a guaranteed mortgage participation certificate issued by the moving defendant, to recover for dividends alleged to have been illegally declared and paid.

The moving defendant asserts that the right to sue is exclusively in the Superintendent of Insurance, now acting as rehabilitator for it, and further that plaintiff has commenced this action without leave of court and without alleging previous demand that the Superintendent commence such an action and that he has refused or unreasonably neglected to so sue.

The plaintiff's complaint proceeds upon three alleged violations of law: (a) A violation of section 58 of the Stock Corporation Law; (b) a violation of section 274 of the Debtor and Creditor Law, and (c) a violation of common-law rules against fraudulent transfers. The purpose of the action is to restore to the corporation the illegally paid dividends.

Notwithstanding the fact that no personal judgment is demanded as against the moving defendant, the court is of the opinion that the commencement of this action, without previous permission from the court, is a violation of the injunctive provisions contained in the order appointing the rehabilitator, pursuant to section 410 of the Insurance Law, and particularly the portion reading: " or from in any way interfering with the Superintendent of Insurance of the State of New York or his successor in office in his or their possession, control and management of the property of said corporation or in the discharge of his or their duties under the provisions of Article XI of the Insurance Law of the State of New York."

The plaintiff contends that the Superintendent of Insurance, as rehabilitator, has no power to commence an action such as comprehended here; that such power would be in the Superintendent only, if he becomes liquidator of the moving defendant.

Subdivision 1 of section 402 of the Insurance Law provides: " An order to rehabilitate a domestic insurer shall direct the superintendent and/or his successors in office forthwith to take possession of the property of such insurer and to conduct the business

thereof, and/or to take such steps toward the removal of the causes and conditions which have made such proceeding necessary as the court shall direct." Subdivision 2 of section 402 of the Insurance Law provides: " At any time the superintendent shall deem that further efforts to rehabilitate such insurer would be futile, he may apply to the court under this article for an order of liquidation."

Subdivision 3 of section 418 provides: " The superintendent as liquidator may avoid any transfer of, or lien upon the property of an insurer which any creditor, stockholder or member of such insurer might have avoided and may recover the property so transferred or its value from the person to whom it was transferred unless he was a *bona fide* holder for value prior to the date of the entry of the order of liquidation. Such property may be recovered or its value collected from whoever may have received it except a *bona fide* holder for value."

The court is of the opinion that the rights of the Superintendent, under subdivision 3 of section 418, are not exclusive to his capacity as liquidator and were not so intended by the Legislature; that the right, under subdivision 1 of section 402 of the Insurance Law " to take such steps toward the removal of the causes and conditions which have made such proceeding necessary as the court shall direct," includes every conceivable right which it might be necessary for him to assert tending toward the removal of the causes and conditions which brought about the rehabilitation order.

Quite conceivably, the restoration to the Bond and Mortgage Guarantee Company of the $4,000,000 alleged to have been fraudulently transferred by its directors and stockholders would be a considerable step toward removing the underlying causes and conditions referred to and, together with other constructive steps, might eventually enable the Superintendent, or any person interested, to apply under subdivision 3 of section 402 of the Insurance Law for an order terminating the rehabilitation proceeding and permitting the defendant corporation to resume possession of its property and the conduct of its business.

The rights conferred upon the Superintendent of Insurance, under subdivision 3, as liquidator, instead of being broader than those conferred upon him as rehabilitator, under subdivision 2, as contended by the plaintiff, are in fact narrower, and properly so, because as liquidator he will wind up the business, with the right, however, as particularly specified, to collect assets by avoiding fraudulent transfers. On the other hand, as rehabilitator, he is given powers, without any limitation whatever, to do all things necessary to rehabilitate the company. It would be anomalous to hold that

the Legislature intended the Superintendent to have less power to save the corporation than to wind it up.

The Superintendent of Insurance is, in effect, a statutory receiver. His power has been upheld in the Court of Appeals in *Matter of People (Title & Mortgage Guarantee Co.)* (264 N. Y. 69). The court there said: " The Superintendent becomes a statutory receiver; the property of the corporation is brought into the protective arm of the law and the receiver is subject to directions of the court except in so far as discretionary power is vested by the Legislature in him." The court cited *Isaac* v. *Marcus* (258 N. Y. 257); *Matter of People (Russian Reinsurance Co.)* (255 id. 415); *Matter of People (Norske Lloyd Ins. Co.)* (242 id. 148); *Matter of Casualty Co. of America (Rubin Claim)* (244 id. 443); *Lafayette Trust Company* v. *Beggs* (213 id. 280).

The right of a statutory receiver to bring an action against directors and stockholders for illegal declarations of dividends and other unlawful diversion of corporate assets is fully established by a long line of cases. (*Attorney-General* v. *Guardian Mutual Life Ins. Co.*, 77 N. Y. 272; *Gifford* v. *Clapp*, 44 App. Div. 192; *Klein* v. *Peter*, 284 Fed. 797.)

The right of the Superintendent of Insurance to bring an action such as described in the complaint herein is paramount and exclusive. Only disorder and confusion would result from a contrary holding. In addition, possible prejudice might result if such an action were brought by others in pursuance of a collusive scheme between the ostensible plaintiff and the persons charged with wrongdoing. It is but fair to state that no such claim of collusion is made with respect to the present plaintiff.

Motion granted; settle order.