GEORGE S. VAN SCHAICK, Superintendent of Insurance of the
State of New York, as Rehabilitator of WESTCHESTER TITLE
AND TRUST COMPANY and Another, Plaintiffs, *v.* J. CRAWFORD
STEVENS and Others, Defendants, FREDERICK H. HURDMAN,
Impleaded Defendant.

Supreme Court, New York County, June 27, 1934.

164

*Alfred C. Bennett* [*Alfred C. Bennett, Abraham J. Halprin, Arthur Ofner* and *Samuel Boksenbom* of counsel], for the Superintendent of Insurance of State of New York, plaintiff.

*Hornblower, Miller, Miller & Boston* [*Edward C. Bailey* and *Charles A. Boston* of counsel], for the defendant Frederick H. Hurdman.

*Barry, Wainwright, Thacher & Symmers* [*Herbert Barry* of counsel], for the defendants Stevens and others.

*Root, Clark, Buckner & Ballantine,* for the defendants Kahler and others.

FRANKENTHALER, J. This is a motion to dismiss the complaint and for other relief.

The action is brought by the Westchester Title and Trust Company and by the Superintendent of Insurance, as its rehabilitator, against members of the company's board of directors. The complaint seeks judgment directing the defendants (a) to account for various acts on their part which are alleged to be wrongful, and (b) to repay and restore to the company any of its assets which have been misappropriated, wasted and diverted.

The dismissal of the complaint is sought upon several distinct grounds: (1) That the court has no jurisdiction of the subject of the action; (2) that the plaintiff has not legal capacity to sue, and (3) that the complaint fails to state facts sufficient to constitute a cause of action. The first of these objections is clearly without merit. The second and third appear to have been disposed of adversely to the contentions raised by the moving party

in a number of recent cases. In *Gallin* v. *Burdick* (152 Misc. 468) an application to dismiss an action brought by a creditor against directors of Bond and Mortgage Guarantee Company was granted upon the theory that the right to bring such an action was exclusively vested in the Superintendent of Insurance as rehabilitator of the company. This decision was affirmed by the Appellate Division, Second Department (241 App. Div. 888). A decision of Mr. Justice McGoldrick to the same effect has recently been affirmed by the Appellate Division in this department (*Ewoldt* v. *N. Y. Title & Mort. Co.*, 242 App. Div. 627). Similar holdings on the same theory have been made in *Ballin* v. *Manhattan Co.* (N. Y. L. J. April 16, 1934, McGoldrick, J.); *Kotkin* v. *Allen* (Id. May 11, 1934, Faber, J.); *Bernzott* v. *Home Title Insurance Co.* (Id. May 14, 1934, Leary, J.). The Superintendent of Insurance, as rehabilitator of an insurance company, has been declared to be a statutory receiver (*Matter of People [Title & Mortgage Guarantee Co.]*, 264 N. Y. 69) and entitled, as such, to maintain an action of this character. (*Gallin* v. *Burdick, supra.*)

The failure of the complaint to allege that the court's permission to bring the present action was obtained prior to its commencement does not render the pleading insufficient. Nor is there any merit to the contention that the prosecution of an action of this character is not a step " toward the removal of the causes and conditions which have made such proceeding [the rehabilitation proceeding] necessary." (Insurance Law, § 402.) The recovery of diverted and misappropriated property and also of money damages will augment the company's assets and thus tend to restore the company to its condition prior to the time rehabilitation became necessary. It follows that the motion, in so far as it seeks the dismissal of the complaint, must be denied.

The claim that there is a misjoinder and a defect of parties is one with which the court does not agree. The charge that causes of action have been improperly united must be regarded as untenable in the light of the decision in *Broderick* v. *Marcus* (146 Misc. 240; affd., 239 App. Div. 816). The same observation is applicable to the moving party's application to compel the plaintiffs to serve an amended complaint in which each cause of action is separately stated and numbered.

To the extent that the movant seeks to strike out various allegations as irrelevant, unnecessary, impertinent and scandalous, the motion must likewise be denied, especially since the action is one in equity. It is the well-settled policy of this department to permit matter to remain in a pleading which may possibly

prove material or relevant at the trial of the action, particularly where no substantial prejudice to the defendant will result.

The motion will, however, be granted to the extent of requiring the plaintiffs to make the complaint more definite and certain as prayed for in paragraph V of the notice of motion. (*Wile* v. *Burns Bros.*, N. Y. L. J. April 29, 1933, GLENNON, J.) If the plaintiffs are unable to serve an amended complaint accordingly without examining the defendants before trial, an application for such an examination may be made.

Except as indicated, the motion is denied. Settle order.