James B. M. McNally, J.
This is a motion by the plaintiff pursuant to rule 103 of the Rules of Civil Practice to strike from the first counterclaim paragraph XXXVIII which incorporates by reference 14 preceding paragraphs of the answer in various, of the defenses on the ground that they are irrelevant, redundant, repetitious, impertinent and prejudicial to the plaintiff.
The counterclaim seeks to recover damages upon a breach of contract in the sale of cheese, and it claims that the defendant suffered damages because of the failure of the seller to comply with the terms of the contract of sale. The various paragraphs contain all the facts leading up to the sale, the attempted performance of the contract by the plaintiff and the cause of the damage to the defendant. The facts alleged all pertain to the subject matter. The power of a court to strike irrelevant, redundant matters should be exercised with caution. To authorize the exercise of the court’s discretion in that respect, the irrelevancy must be clear and the redundancy unquestioned, and it also must appear that the moving party is aggrieved thereby (Nasmie Constr. Co. v. Quasman, 215 App. Div. 724; Savage Realty Co. v. Lust, 203 App. Div. 55). In Gerseta Corp. *734 v. Silk Assn. of America (220 App. Div. 302, 305) this court said: “ Where under any possible circumstances evidence of the facts pleaded in the allegations sought to be stricken out have any bearing on the subject-matter of the litigation, the motion will be denied. If the complaint sets out more than is required to sustain the action, such matter cannot be said to be irrelevant or redundant, although they may be intermingled with essential allegations, expressions and language not, strictly speaking, necessary. ’ ’
The counterclaim alleges a comprehensive statement of facts making up a chain of circumstances all of which gave rise to one cause of action. “ When the facts set forth in a complaint constitute one of the links which collectively spell out the cause of action or defense they should not be stricken out ’ ’ (Wolf v. Domestic Broadtail Producers, 235 App. Div. 51, 52). (See Indelli v. Lesster, 130 App. Div. 548, 550; Wayte v. Bowker Chem. Co., 196 App. Div. 665; Baker v. Baker, 122 Misc. 757, affd. 212 App. Div. 850; Whalen v. Strong, 230 App. Div. 617.)
It is well-settled policy of this department to permit matter to remain -in a pleading which may prove material and relevant at the trial of the action, particularly where no substantial prejudices to the defendant would result (Van Schaick v. Stevens, 152 Misc. 163).
The motion is denied.