Frederick Backer, J.
Defendant moves to dismiss the complaint and the causes of action pursuant to section 241 of the *457 Civil Practice Act and subdivision 4 of rule 106 of the Rules of Civil Practice. Alternative relief is also sought pursuant to rule 103 of the Rules of Civil Practice to strike from the complaint certain stated paragraphs or specified portions thereof.
At the outset and for the purpose of presenting a ready bird’s-eye picture of the nature of the litigation it may be generally stated that plaintiffs sue upon a contract to secure specific performance of certain advertising space they contracted for in order to publicize their stage plays. Their first cause of action is for specific performance predicated upon the uniqueness of the advertising space. Their second cause of action is at law for damages by reason of defendant’s breach of the contract with resultant damage to plaintiffs.
Considering the complaint, in more detail, we find the first cause of action states, after its recitals as to the status of the various parties plaintiff, the making of the contract by David Merrick, individually and for and on behalf of the three limited partnerships with the defendant. The allegations are succinct and concise. David Merrick is alleged as the sole general partner of each of the named limited partnerships. Plaintiffs allege in their complaint more detailed and extended allegations in respect of the full contract between them and the defendant which complete the entire contract and form a part of the overall agreement which includes the written form of contract annexed to the complaint. Plaintiffs further plead that in connection with such contract the defendant agreed to place and maintain certain theatrical advertising posters, in various cars of the New York subway system, during the month of February, 1958, at an agreed price of $5,811.30, and further agreed to change said advertising posters, one for another, at the direction of Mr. Merrick; that defendant did insert, prior to and on February 1,1958, in the subway cars, a certain theatrical advertising poster publicizing the stage play “ Look Back in Anger ” and that on or about February 6, 1958 defendant wrongfully and without cause, and without warning, withdrew the “ Look Back in Anger ’ ’ advertising from the subway cars upon the ground that certain art work and a sketch contained in such poster were immoral; that defendant refused to reinsert the poster or replace it with advertising posters for the theatrical productions, “Romanoff and Juliet” and “ Jamaica ”, which Mr. Merrick produced through the respective plaintiff limited partnerships. The complaint then continues with allegations in respect of the uniqueness and inestimable value of advertising space in the New York subway system with its nmre than five *458 million daily riders, defendant’s monopolistic control over all subway advertising space, the unascertainability of the maximum measure of plaintiffs’ damages and the inadequacy of plaintiffs’ remedy at law. Plaintiff's, in addition, aver that defendant, by its conduct in wrongfully, without cause and without notice, withdrawing the “ Look Back In Anger ” posters and in refusing to replace them or to substitute other posters of plaintiffs, has breached its contract with plaintiffs, violated their basic constitutional rights and caused them irreparable damages in depriving them of the benefits of such advertising. As hereinbefore stated, plaintiffs seek specific performance and damages.
Defendant attacks the complaint upon varied grounds. Defendant’s contention that no cause of action is stated on behalf of the three limited partnerships is untenable. Unquestionably there is but one David Merrick involved in the transactions which are here involved, and in such he acted both individually and as a disclosed ag*ent for each of the three limited partnerships in each of which he is the sole general partner. It is established law that the sole general partner in a limited partnership is personally responsible for all debts and obligations of the limited partnership without limitation. It is also settled law that a sole general partner in a limited partnership has the burden of running*, contracting for and otherwise managing same, and in fact is the only one who can act in its behalf (Yeager v. Transvision, Inc., 277 App. Div. 986). Defendant here has not moved to dismiss the complaint as to David Merrick, doing* business as David Merrick Productions. By failing to so move defendant, it must be held, has thus conceded that the two causes of action stated in the complaint stand well pleaded by David Merrick. It therefore follows that the same two causes of action are also sufficiently pleaded by David Merrick as sole general partner in the three limited partnerships. Defendant’s objection in this respect is overruled since the court is not concerned, on this type of motion, with the question of in whose favor there is or is not a cause of action. The query is, does the complaint allege a good cause of action?
In Slack v. Ellis (247 App. Div. 467, 468) it was stated: “ it is never a ground for attack upon a complaint that a cause of action does not ‘ exist ’ in favor of plaintiff, provided a good cause is alleged. ’ ’
It appears that David Merrick, as sole general partner of the three named limited partnerships, acted as a disclosed agent for the partnerships in the making* of the contract alleged in *459 the complaint. As such, and as sole general partner, he is therefore entitled to sue on the contract for and on behalf of the three limited partnerships, for it is elementary that one may sue upon a contract made for him by his agent (2 Williston on Contracts [Rev. ed., 1936], § 352, p. 1038). Even were we to assume that only David Merrick, doing business as David Merrick Productions, was a party to the contract, he could nevertheless sue, as sole general partner in the three limited partnerships, for and on their behalf as third-party beneficiaries.
Viewing the contract it cannot be said that the allegations of the complaint are insufficient or violate the parol evidence rule. The written part of the contract (the form) clearly is incomplete on its face since it makes reference to matters which clearly refer to oral understandings between the parties. Accordingly, plaintiffs have properly pleaded and may prove the entire contract set forth in the complaint and parol evidence of the additional terms of the contract necessary to complete same is admissible since plaintiffs do not seek to vary the terms of the written contract but simply to supply the missing terms to a writing patently incomplete on its face. Where a writing does not contain, on its face, the entire agreement between the parties, parol evidence, not inconsistent with its terms, may be received, not to contradict it but to show the real contract (Routledge v. Worthington Co., 119 N. Y. 592; Dickinson v. Dickinson, 273 App. Div. 1055).
Defendant’s objection to the complaint as insufficient because of applicability of the parol evidence rule to various matters pleaded in the complaint is procedurally improper since such objection may not be raised in advance of trial for the purpose of testing the sufficiency of a complaint (United States v. Fay & Son, 31 F. Supp. 413; Adsit v. First Trust & Deposit Co., 7 Misc 2d 651, 654; Harman v. Spiegel, 1 A D 2d 821). Plaintiffs’ second cause of action is sufficient as an independent claim at law for damages. A plaintiff may plead separate causes of action based upon different .specifications or theories which arise out of the same acts (Woernley v. Electromatic Typewriters, 244 App. Div. 679). Where a first cause of action is bottomed in equity a second cause of action may repeat the same as an action at law and is not dismissible (Cinerama Prods. Corp. v. Schwartz, 147 N. Y. S. 2d 484, 488). Accordingly, defendant’s motion under subdivision 4 of rule 106 of the Rules of Civil Practice, to dismiss the complaint in its entirety and to dismiss each of the two stated causes of action is in all respects denied.
Coming to the alternative branch of the motion, defendant moves pursuant to rule 103 of the Rules of Civil Practice, to *460 strike from the complaint various stated paragraphs or specified portions thereof upon the grounds that same are irrelevant, redundant, unnecessary, sham and will tend to prejudice or delay the fair trial of this action. The cases are replete with statements of general principles and it would appear from a study of the many cited by counsel that the test to be applied in an equity case is whether or not the matters pleaded are too conclusory or of too detailed evidence, whether or not they will be relevant at the trial in the resolution of the substantive issues, and whether or not they may be material to move the court’s equitable discretion to grant the ordinary and extraordinary relief requested — all in all, that is, if relevant and material, whether or not substantive prejudice would be the likely result if the allegations attacked are not stricken. (See Paris v. Smith, N. Y. L. J., Jan. 15, 1954, p. 7, col. 6.) The problem on the motion is one of applicability of these general principles and each case must be looked at on its own. In any event, motions to strike out under rule 103 are not favored; they rest in the sound discretion of the court (Zirn v. Bradley, 269 App. Div. 961; Dodge v. Campbell, 223 App. Div. 471; Nasmie Constr. Co. v. Quasman, 215 App. Div. 724; Gerseta Corp. v. Silk Assn, of America, 220 App. Div. 302). Where under any possible circumstances evidence of the facts pleaded has any bearing upon the subject matter of the litigation, it will not be stricken (Giessler v. Accurate Brass Co., 271 App. Div. 980; Gerseta Corp. v. Silk Assn. of America, supra) and particularly so when the facts set forth in a complaint constitute one of the links which collectively spell out the cause of action (Wolf v. Domestic Broadtail Producers, 235 App. Div. 51; Indelli v. Lesster, 130 App. Div. 548). It is the well-settled policy of this department to permit matter 'to remain in a pleading which may prove material and relevant at the trial of the action, particularly where no substantial prejudice to the defendant would result (Van Schaick v. Stevens, 152 Misc. 163; Hafnia Ham Co. v. Cheese Importing Co., 13 Misc 2d 733). Since this is an equity action, insofar as the first cause of action is concerned, the trial will be before a judge without a jury and there is no showing of prejudice here. Moreover, it is well established that greater leniency is allowed in pleading in an equity action (Park & Sons Co. v. National Druggists Assn., 30 App. Div. 508; First Presbyt. Church v. Kennedy, 72 App. Div. 82; Gutta-Percha & Rubber Mfg. Co. v. Holman, 150 App. Div. 678; McGarahan v. Sheridan, 106 App. Div. 532, 538; Tarlow v. Archbell, 47 N. Y. S. 2d 3, affd. 269 App. Div. 837, affd. 296 N. Y. 757).
*461 In light of the foregoing the objected matter will be permitted to stand. I perceive of no possible prejudice to the defendant in permitting such matter to remain as pleaded. For the same reasons the branch of the motion to dismiss pursuant to section 241 of the Civil Practice Act is denied.
Accordingly,, the motion is denied in all respects.