Samuel H. Hopstadter, J.
Defendants Carmel and Smart-craft Corporation move pursuant to section 96 of the Civil Practice Act for an order severing the first cause of action alleged against the individual defendants from the second cause of action alleged against the corporate defendant. The first cause is based oh a series of transactions with the individual defendants accompanied by false and fraudulent representations by which those defendants acquired from the plaintiff’s assignors certain notes and stock. All of the individuals involved are *79 directly concerned with the affairs of the defendant corporation. One of snch assignors and the plaintiff were employed by the defendant corporation, and snch employments arose, as alleged, ont of the transactions subject of the first cause. The employments and discharge are subject of the second cause. By reason of assignments, there is one plaintiff in the action, and the subject matter of both causes arises out of the same transactions (Civ. Prac. Act, § 212). Moreover, while by the second cause the plaintiff seeks the recovery of the damage incurred by reasons of alleged wrongful discharge, severance will not have the effect of fully severing from the trial of the first cause the information and the facts relating to such employments and the alleged wrongful discharge for this charge is integrated with the allegations of the first cause which depends in part thereon, as all the rights, which plaintiff’s assignors acquired in relation to the stock and notes which the individual defendants had theretofore acquired from the assignors by means of alleged fraud, were made to depend in part upon the continuation of the employments.
By separate motion the defendant Carmel moves pursuant to rule 103 for an order striking out paragraphs Second through Thirty-Seventh, and paragraph Thirty-Ninth of the first cause of action asserted against the individual defendants. Apparently the basis for claim of right to relief under rule 103 is not any of the grounds therein enumerated, but rather the alleged claim that two causes are stated in the first cause of action. No ground for relief is stated in the notice of motion. It is clear from major portions of the allegations of those paragraphs of the first cause of action, to which no objection is raised, that they relate to more than what defendant urges is the basis of the first cause as reflected by the allegations of paragraph Thirty-Eighth. The statement of the first cause falls within the rule enunciated in Gerseta Corp. v. Silk Assn. of America (220 App. Div. 302, 305) where the court stated: “ Where under any possible circumstances evidence of the facts pleaded in the allegations sought to be stricken out have any bearing on the subject-matter of the litigation, the motion will be denied. If the complaint sets out' more than is required to sustain the action, such matter cannot be said to be irrelevant or redundant, although they may be intermingled with essential allegations, expressions and language not, strictly speaking, necessary.” The transactions affecting the stock and notes were numerous and complicated and the insistence upon setting forth the full context of the claim in suit is not in the circumstances objectionable. Both motions are denied.