AREL, INC., Plaintiff, *v.* OPTICS MANUFACTURING CORPORATION, Defendant.

Supreme Court, Special Term, Queens County, June 27, 1962.

*Harry J. Pasternak* for plaintiff. *Rubin, Rubin, Pearlman & Weinberg (Max Grossberg* of counsel), for defendant.

HAROLD TESSLER, J. The plaintiff in two successive motions seeks (1) to vacate, or, in the alternative, modify the defendant's demand for a bill of particulars, and (2) to require the defendant to serve an amended answer separately stating and numbering the allegations contained in the first and second affirmative defenses, paragraphs FIFTH and SIXTH, and the second, third and fourth counterclaims, paragraphs ELEVENTH, THIRTEENTH and SEVENTEENTH of the defendant's answer, to strike from the answer, pursuant to rule 103 of the Rules of Civil Practice, that part of paragraph SIXTH which refers to the plaintiff's net worth, financial responsibility and financial condition, and to dismiss, pursuant to rule 109 of the Rules of Civil Practice, as legally insufficient the third affirmative defense and the first and second counterclaims.

The first motion relating to the defendant's demand for a bill of particulars is in all respects denied.

That branch of the second motion which seeks to require the defendant to serve an amended answer separately stating the allegations contained in certain paragraphs of the answer is granted. The amended answer is to be served within 15 days of the service of a copy of the order to be entered hereon. Rule 90 of the Rules of Civil Practice requires '' Each separate cause of action, counterclaim or defense shall be separately stated and numbered, and shall be divided into paragraphs numbered consecutively, each as nearly as may be containing a separate allegation.'' (See *Drydock Knitting Mills* v. *Queens Mach. Corp.,* 254 App. Div. 568.) The purpose of this rule is to require a pleading to be in such form that the opposing party may make his denials with clearness and certainty and also to aid him in his preparation for trial. (See *O'Hara* v. *Derschug,* 232 App. Div. 31.) In the case at bar, the defendant has failed to divide

into paragraphs numbered consecutively each allegation contained in the FIFTH, SIXTH, ELEVENTH, THIRTEENTH and SEVENTEENTH paragraphs of the answer.

The second motion as it relates to striking certain parts of paragraph SIXTH of the defendant's answer, pursuant to rule 103 of the Rules of Civil Practice, is denied. Motions of this nature are not favored and the court will exercise caution in determining whether any matter should be stricken. It must be shown that the matter would not, under any possible circumstances, have a bearing upon the subject matter of the litigation and, also, that it will substantially prejudice the party seeking to have the matter stricken. (See *Merrick* v. *New York Subways Adv. Co.*, 14 Misc 2d 456; *Hafnia Ham Co.* v. *Cheese Importing Co.*, 13 Misc 2d 733; see, also, *Dior* v. *Milton*, 9 Misc 2d 425, 427, affd. 2 A D 2d 878.) In the case at bar, the plaintiff has not shown that the matter sought to be stricken could not, under any possible circumstances, have a bearing on the subject matter of the litigation or that it would be substantially prejudiced.

Finally, the second motion as it relates to dismissing for legal insufficiency certain affirmative defenses and counterclaims, pursuant to rule 109 of the Rules of Civil Practice, is denied. The counterclaims are as follows:

"FOR A FIRST COUNTERCLAIM AGAINST PLAINTIFF, DEFENDANT ALLEGES:

"NINTH: That between July 25, 1961 and August 29, 1961 defendant sold and delivered to plaintiff at plaintiff's special instance and request, 486 #910 Projectors of the agreed price and reasonable value of $7,892.78, no part of which has been paid although duly demanded.

"TENTH: That annexed hereto, made part hereof and marked Exhibit A-1 is a schedule pursuant to Section 255-A of the Civil Practice Act of deliveries of the goods by defendant to plaintiff.

"FOR A SECOND COUNTERCLAIM AGAINST PLAINTIFF, DEFENDANT ALLEGES:

"ELEVENTH: That between July 11, 1961 and September 1, 1961, defendant sold and delivered to plaintiff at plaintiff's special instance and request 350 Opta Vue Galaxy Electronic Gun W/Bracket and Charging Cord pursuant to plaintiff's order No. S3434 dated August 10, 1961, of the agreed price and reasonable value of $6,989.50, no part of which has been paid although duly demanded. That annexed hereto, made part hereof and marked Exhibit A-2 is a schedule pursuant to Section 255-A of the Civil Practice Act of deliveries of the goods by defendant to plaintiff."

They are classic pleadings of an action for goods sold and delivered. (See *Blackman-Shapiro Co.* v. *Salzberg,* 8 Misc 2d 972, 975; Civ. Prac. Act, § 255-a; see, also, *Heilbronn* v. *Herzog,* 165 N. Y. 98, 101; *Royle* v. *McLaughlin,* 195 App. Div. 413, 414, citing what is now Civ. Prac. Act, § 241.)

The first affirmative defense is as follows:

" FOR A FIRST AFFIRMATIVE DEFENSE
TO THE FIRST AND SECOND CAUSES
OF ACTION, DEFENDANT ALLEGES:

" FIFTH: That in and by the order dated August 10, 1961, referred to in Paragraph 4 of the complaint, and in and by the order dated August 29, 1961, referred to in Paragraph 14 of the complaint, plaintiff reserved the right to issue instructions to defendant as to when, where and in what quantities the goods were to be shipped and payment therefor to be made. That the plaintiff failed to perform the condition precedent of issuing to defendant timely instructions for shipping the goods and payment therefor; that the shipping and payment instructions claimed to have been issued by plaintiff to defendant pursuant to said orders were null, void and of no effect in that neither of the said orders had been accepted and in that any such instructions were issued at a time and under circumstances and in substance making performance by defendant, if any obligation of performance existed, impossible."

This is legally sufficient, since the parties may, expressly or by their conduct, cancel or abandon a contract (see, generally, *Arzani* v. *People,* 149 N. Y. S. 2d 38, 40; *Goldfeld* v. *Glickstein & Terner,* 14 N. Y. S. 2d 735). If established upon the trial, it would bar any recovery upon such contract.