Burton S. Sherman, J.
Plaintiff moves for summary judgment urging that the defendant’s answer did not comply with the requirements of CPLR 3016 (subd. [f]) in an action involving a claim for the performing of labor or services.
The rule states in pertinent part:- “In an action involving * * * the performing of labor or services * * * the plaintiff may set forth and number in his verified complaint the items of his claim and the reasonable value or agreed price of each. Thereupon the defendant by his verified answer shall indicate specifically those items he disputes and whether in respect of delivery or performance, reasonable value or agreed price.”
The purpose of CPLR 3016 (subd. [f]) is, of course, to confine the issues for trial. However, to achieve this there must be strict compliance with the rule. This is especially true because of the increased use of computerized billing. Thus the items must be specifically numbered. (Aluminum Bldg. Prods. Corp. v. Martin Katz Corp., 30 A D 2d 571.) They must also be sufficiently specified so that their correctness can be tested entry by entry (Innis, Pearce & Co. v. G. H. Poppenberg, Inc., 213 App. Div. 789, 790; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3016.07, 3016.19).
In this case there was a failure of compliance by the plaintiff. It merely attached to its verified complaint 10 invoices containing 23 items for services rendered on various dates by its employees. These invoices appear to be in a form which includes unit price, total charge, legends, names, and symbols which at best require further explanation to comprehend. On one invoice *836 alone there are four separate items listed. This does not comply with the rule, nor can it be considered to be a schedule in the true sense of the word. As they now stand the invoices simply cannot be tested item by item. (Cf. Arel Inc. v. Optics Mfg. Corp., 35 Misc 2d 856.)
While the complaint does not comply with the requirements of CPLR 3016 (subd. [f]) it is sufficient as a pleading and therefore defendant’s general denial is also sufficient (Innis, Pearce & Co. v. G. H. Poppenberg, Inc., supra) and he is entitled to his bill.of particulars.
Accordingly, the motion is denied.